

# No. 12-2650

**PRO SE**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

U.S.C.A. — 7th Circuit
R E C E I V E D

BLS SEP 1 2 2012

GINO J. AGNELLO
CLERK

GARY D. BOWERS,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, et al.,

Defendants - Appellees

APPEAL FOR REVERSAL OF JUDGMENT IN THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICE OF ILLINOIS

BRIEF FOR THE APPELLANT

Gary D. Bowers, *pro se*
P. O. Box 502
Pekin, Illinois  61555

Oral Arguments requested

U.S.C.A. — 7th Circuit
F I L E D

SEP 1 2 2012 DDS

GINO J. AGNELLO
CLERK

# TABLE OF CONTENTS

Table of Contents and Table of Authorities ................................... i-ii

Statement on Oral Arguments ............................................... iii

I.     Statement of Subject Matter Jurisdiction ................................. 1

II.    Issue Presented for Review .............................................. 1-2

III.   Statement of the Case .................................................... 3-5

IV.    Statement of the Facts .................................................. 5-6

V.     Summary of the Argument ............................................... 7-9

VI.    Argument ............................................................... 9-22

VII.   Conclusion ............................................................. 22-24

**Table of Authorities:**                                          **page #**

**A.    United States Code:**

Title 28 U.S.C. § 1291 ..................................................... 1

Title 26 U.S.C. § 6331 .................................................. passim

Title 26 U.S.C. § 6334 .................................................. passim

Title 26 U.S.C. § 7433 .................................................. passim

**B.    Code of Federal Regulations:**

Title 26 C.F.R. § 301.7433-1 ........................................... 3, 4, 10

**C.    Court Opinions:**

Duran v. I.R.S., 103 A.F.T.R.2d 2009-1365 (2009) ......................... 13-14

Haberman v. Finch, 418 F.2d 664 (1969) ........................................ 18

Flemming v. Nestor, 363 U.S. 603 (1960) ..................................... 20

Hines v. United States, 658 F.Supp. 2d 139 (2009) ........................ 16, 17, 21, 22

Lynch v. United States, 292 U.S. 571 (1934)................................... 21

Schmiedigen v. Celebrezze (245 F. Supp. 825 (D.D.C. 1965)................ 16-18

United States v. Marsh, 89 F. Supp. 2d 1171 (2000)........................... 12-14

**D.    Other authorities:**

The Roots of the Social Security Myth, by John Attarian: .................... 19

Vested Rights in Social-Security Benefits,
        Elmer F. Wollenberg, 37 Ore.L.Rev. 299 ............................... 20-21

**Statement on Oral Arguments:**

Because this is a very important case, in that it effects many people who rely upon Social Security Retirement Benefit Checks for their subsistence, Oral Arguments should be ordered.  Appellant will find some way to hire a lawyer if Oral Arguments are ordered.

# I.    STATEMENT OF SUBJECT MATTER JURISDICTION:

## A.    JURISDICTION OF THE UNITED STATES DISTRICT COURT:

The United States District Court for the Middle District of Illinois had

jurisdiction pursuant to the provisions of Title 26 U.S.C. § 7433.

## B.    JURISDICTION OF THE UNITED STATES COURT OF APPEALS FOR THE 7th CIRCUIT:

This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1291.

## C.    JUDGMENT APPEALED FROM

This appeal is taken from an ORDER entered May 22, 2012. See Dkt.

25, pgs. 1-5 of Appendix; and ORDER, pgs. 15-19.

There was also JUDGMENT in favor of the Defendants United States

of America and Commissioner of Internal Revenue, and against the Plaintiff,

Gary D. Bowers.  Said Judgment was entered May 24, 2012 (Dkt. # 26). See

Appendix, pg. 20.

## D.    NOTICE OF APPEAL

The Notice of Appeal was timely filed on September 12, 2012 (Dkt.

27). See Appendix, pgs. 21-22. Rule 13(a) of the Federal Rules of Appellate

procedure provide for 90 days within which to file a Notice of Appeal.

# II.    ISSUES PRESENTED FOR REVIEW:

## A.    *Did the United States District Court for the Middle District of*

*Illinois err, when it dismissed the Complaint for "Failure to State a Claim upon Which Relief Can be Granted," hence denying relief under I.R.,C. § 7433?"* [1]

The District Court dismissed for failure to state a claim upon which relief may be granted.

**B.**     *Did the District Court err when it applied the exemption standard of only I.R.C. § 6334(a)(9) and I.R.C. § 6334(c) and (d), as applicable to one-time IRS levies, to the exclusion of I.R.C. § 6331(h), which places a 15% cap on certain continuous IRS levies?*

The District Court found the 15% cap did not apply in the case of Social Security retirement benefit checks.

**C.**     *Do Social Security retirement benefit checks constitute "property or rights to property ... exempt from levy other than the property specifically made exempt by subsection (a)" so as to preclude the 15% levy exemption of I.R.C. § 6331(h)?*

The District Court based its ORDER upon the presumption that Social Security retirement benefit checks are a right, and not a privilege, hence constituting property or a right to property.

---

[1]     All "I.R.C.," references are to the codification of the majority of the

## III.    STATEMENT OF THE CASE:

Plaintiff/Appellant Gary D. Bowers (hereinafter, "Bowers") filed suit in the United States District Court for the Middle District of Illinois (hereinafter, "District" or "District Court") because the Internal Revenue Service ("IRS") has taken monies from his Social Security Administration retirement benefit checks (hereinafter referred to as "SSA retirement checks") in excess of 15%. The Complaint was filed June 13, 2012. See Dkt. 1 and Appendix, pgs. 6-9.

It seems, consistent with the view of Bowers and the District Court, that *if* a remedy at law is to be had to (1) ORDER the IRS to discontinue its practice of taking more than 15% of Bowers' SSA retirement checks; and (2) ORDER payment of damages, restoring the funds that were already taken in excess of 15%: that would be the exclusive remedy codified in I.R.C. § 7433.

In order to file an action under I.R.C. § 7433, it is first necessary to exhaust administrative remedies. See Title 26 Code of Federal Regulations ("26 C.F.R.") § 301.7433-1(d), which required Bowers to file an administrative claim with the IRS; and 26 C.F.R. § 301.7433-1(e) requiring said claim be filed with the "*Area Director, Attn: Compliance Technical*

---

federal tax laws, found in Title 25 United States Code.

*Support Manager of the area in which the taxpayer currently resides.*"

Because the IRS Restructuring and Reform Act of 1998 appears to have abolished the position of "Area Director"; and the aforementioned regulation for applying to the "Area Director" have not been modified to explain which office such administrative matters should now be referred, Bowers sent his administrative claim to the central offices of the IRS in Washington D.C.; and to his regional Taxpayer Advocate.  The District Court did not deem the matter of his submission of his administrative claim deficient in either its ORDER or JUDGMENT.

26 C.F.R. § 301.7433-1(d)(2) requires that a claimant must await a determination of his submitted administrative claim or in the alternative, allow six (6) months to lapse, before filing an action with a District Court pursuant to the remedy at law enacted by Congress and codified in I.R.C. § 7433.

Bowers never heard back from the IRS at all.  After waiting ten months after submitting his administrative claim in keeping with the statutory and regulatory provisions for same, he filed his Complaint with the United States District Court for the Central District of Illinios, which is the judicial district within which Bowers lives.

The District Court dismissed his Complaint on May 22, 2012 for

failure to state a claim upon which relief could be granted. See "ORDER", Dkt. 25; Appendix pgs. 15-19.

A subsequent "Judgment in a Civil Case" was issued two days later, May 24, 2012. Dkt. 26; Appendix pg. 20.

Bowers timely filed his Notice of Appeal on July 12, 2012. See Dkt. No. 27; Appendix pgs. 21-22.

## IV.   STATEMENT OF THE FACTS:

1. The Defendant, Commissioner of the Internal Revenue, through his employees, made a "levy" of Bowers' SSA benefit checks since the month of June, 2010. This taking has been continuous from June, 2010 through to the present.

2. The Social Security Administration has treated an IRS Form 668-W as a continuous levy, turning over $1,107.80 of each and every SSA benefit check to the IRS since June of 2010.

3. Bowers was notified beforehand of this levy action by the Social Security Administration dated May 11, 2012. See Plaintiff's Exhibit 1 of the Complaint, pgs. 10-12 of Appendix.

4. On or about  May 20, 2010, Bowers sent a certified letter to his local Taxpayer Advocate at Taxpayer Advocate Service at 230 S. Dearborn Street, Room 2860, Stop 1005-CHI, Chicago, Illinois 60604. Bowers

demanded that the aforementioned levies not exceed 15% of his SSA retirement benefit checks. See Complaint, Exhibit 2; Appendix pgs. 13-14.

5.  Furthermore, a copy of this same letter referred to in the preceding paragraph was sent via certified mail to the IRS' main office located at 1111 Constitution Avenue, Washington D.C. 20224. See Complaint, Exhibit 2; Appendix pgs. 13-14.

6.  The Taxpayer Advocate Service and the IRS ignored Bowers' claim letter requesting abatement of levies exceeding 15% of his SSA benefit checks. Bowers further requested restitution of funds levied in excess of 15%, beginning from the date they started in June of 2010.

7.  The amounts taken from each of Bowers' Social Security benefit checks that were in excess of 15% totaled approximately $11,078.00 during the time period spanning June, 2010, through to and including, March, 2011. Because this levy action continues to this day, the dollar amount taken to date is substantially larger.

8.  Bowers has been receiving SSA benefit checks for a number of years and continues to be eligible for Social Security benefit checks to this day. This fact has never been in dispute.

## V.    SUMMARY OF THE ARGUMENT:

The United States District Court erred when it decided that Bowers failed to state a claim upon which relief may be granted.  I.R.C. § 7433 provides a remedy at law when an employee of the IRS – intentionally or neglectfully – disregards any provision of Title 26 U.S.C. and its implementing regulations: a citizen may bring a civil action for damages against the United States in a federal district court.

The IRS served an IRS Form 668-W levy form upon the Social Security Administration, which was treated as a continuous levy. Continuous levies on specified payments are subject to the provisions of IRC § 6331 (h).  This section provides that in order to continuously levy a *"Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee," "[n]otwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer."* This levy however, was improperly treated as a one-time levy, upon "property" or "rights to property."  SSA benefit checks are not "property" before a payment is due, nor does it constitute a "right to property."

The District Court erred when it applied the exemption standard of only I.R.C. § 6334(a)(9) and I.R.C. § 6334(c) and (d), to the exclusion of

I.R.C. § 6331(h), which places a 15% cap on levies of the type that is the subject of this controversy, i.e., Social Security retirement benefits.

Further, I.R.C. § 6331(b) states: "*Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof.*" The reference to "*obligations existing at the time*" is in contradistinction to *future* obligations to which the continuous salary or wage levies of subsection (e) attach. It is not a separate classification for what can be attached by a levy, since subsection (a) already establishes that limit. Thus, "*obligations existing at the time*" are only attached by a levy insofar as they constitute either "property" or "rights to property," hence unpaid future Social Security retirement benefits, not yet being the "property" of the beneficiary, are only attachable by levy if they constitute a "right to property." Social Security benefits are not distributed as a right, but rather, a privilege. The United States Supreme Court has made this quite clear.

As such, the District Court compounded its error when it relied upon district and circuit court dicta, disregarding precedent long established by the United States Supreme Court. Eligibility for Social Security retirement benefits do not give rise to a "right to property." They are a privilege which can be changed or entirely taken away, at the whim of Congress, unlike an

insurance policy or retirement plan, which are contractual in nature.

Therefore, Bowers' claim was good.    Bowers exhausted his administrative remedies; and having done this, he properly sought the exclusive remedy at law enacted by Congress and codified in I.R.C. § 7433. The District Court should have ruled that the IRS violated the law when it levied monies from his SSA benefit checks in excess of 15%, as a matter of law. This error is reversible, hence this appeal.

## VI.    ARGUMENT:

### A.    Did the United States District Court for the Middle District of Illinois err when it dismissed Bowers' Complaint for "failure to state a claim upon which relief can be granted," hence denying relief under I.R.,C. § 7433?

In its ORDER of May 22, 2012, the District Court stated, at page 3:

*"However, the Court notes that 26 U.S.C. § 7433 does authorize a private right of action to collect civil damages in federal district court and also contains a waiver of sovereign immunity for such a suit."*

We see that this is indeed the case, for § 7433 states in relevant part:

*26 U.S.C. § 7433 (a) In general*
*If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.*

This remedy also requires that a person first submit an administrative claim.    See 26 U.S.C. § 7433(d)(1), setting forth the requirement that

administrative remedies be exhausted before seeking relief in a district court. This provision is further implemented by 26 C.F.R. § 301.7433-1(e) which requires such a claim to include the grounds, in reasonable detail for the claim with appropriate documentary evidence and the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable. Bowers had done this when he sent his administrative claim letter to the main offices of the IRS in Washington D.C.; and his Taxpayer Advocate for his district. See Appendix, pgs. 13-14. This was incorporated as Exhibit 2 of Bower's Complaint.

Bowers never received any response whatever, to his administrative claim. Ten months later, after having exhausted all his administrative remedies, Bowers filed his Complaint with the district court in the judicial district within which he lived.

Bowers was also entitled to the relief he sought: (1) discontinuation of the levy upon his SSA retirement benefit checks in excess of 15%; (2) compensation for actual damages, i.e., restitution of monies levied in excess of 15% that began in June of 2010; and, (3) an ORDER that the IRS discontinue levying his SSA retirement benefit checks beyond the 15% authorized by law. Indeed, 26 U.S.C. § 7433(b) provides, in the way of a damage award in favor of Bowers:

*§ 7433 (b) Damages*
*In any action brought under subsection (a) or petition filed under*
*subsection (e), upon a finding of liability on the part of the defendant,*
*the defendant shall be liable to the plaintiff in an amount equal to the*
*lesser of $1,000,000 ($100,000, in the case of negligence) or the sum*
*of—*
    *(1) actual, direct economic damages sustained by the plaintiff as a*
        *proximate result of the reckless or intentional or negligent*
        *actions of the officer or employee, and*
    *(2) the costs of the action.*

Since Bowers relies upon his SSA retirement benefit checks for his

subsistence – he has had monies taken from his pay for many many years to

build up "credits" toward SSA retirement benefits – he has certainly been

"damaged", by every definition of the word.

Therefore, the District Court erred when it found that Bowers failed to

state a claim upon which relief could be granted, thus dismissing his suit.

This is reversible error.

**B.    Did the District Court err when it applied the exemption**
**standard of only I.R.C. § 6334(a)(9) and I.R.C. § 6334(c) and**
**(d), to the exclusion of I.R.C. § 6331(h), which places a 15%**
**cap on a continuous levy, the variety of the levy that is the**
**subject of this controversy?**

The District Court rationalized that…

    *"An IRS levy is generally a one-time occurrence rather than a*
*continuing event, seizing property in existence at the time the levy is*
*served. I.R.C. §§ 6331 (a) and (b). … Alternatively … a levy on*
*salary or wages payable to or received by a taxpayer can be*
*continuous from the date the levy is first made until the levy is*
*released…. Further provisions establish that this type of continuing*
*levy on specified payments (which can also include the social security*

*payments at issue here) is subject to a 15% cap. ... Essentially, [Plaintiff's] position boils down to the argument that any levy against income, such as social security payments, must be made pursuant to I.R.C. § 6331(h) and is therefore subject to the 15% cap. This argument lacks any basis in fact or law, as 'the permissive language of the statute gives the Secretary discretion to approve [continuous] levies under Section 6331(h) rather than under Section 6331(a), but Section 6331(h) does not* require *the Secretary to attach a continuous levy [under Section 6331(h)] even where the type of property might be eligible for one.' ... In other words, where a levy could be issued under both sections, the statute does not compel the levy be issued under one section or another."*

While the Secretary does have broad authority to impose either a one-time levy or a continuous levy, the IRS and the District Court (at page 4 of its ORDER) labeled the Form 668-W as a one-time levy. But in reality, because it attached to SSA retirement benefit checks, the levy had to fall under the category of a "continuous levy" as further shown hereinbelow.

The District Court, as did the Defendants, relied upon *United States v. Marsh*, 89 F. Supp. 2d 1171 (2000) to buttress its one-time levy theory. Despite Judge Mollway's use of I.R.C. § 6331(h) to justify his conclusion that the IRS wasn't taking enough of Marsh's retirement payments (a conclusion the correctness of which even the Defendant in this case would not even express an opinion on), that case has no actual connection with subsection (h). Marsh's retirement benefits from the state of Hawaii constituted a current <u>contractual</u> obligation of the state to make payments in

the future, the situation described in Revenue Ruling 55-210 (discussed
further *infra*) and one like Defendant incorrectly claimed to exist in this
case. Thus, a one-time levy under § 6331(a) attached to those future
retirement benefits at the time they become payable to Marsh. Therefore, the
minimum exempt amount established by § 6334(a)(9) is the limiting factor
on the amount that could be levied, and the 15% limit of § 6331(h) did not
apply. And since the government hadn't instituted a continuous levy on that
minimum exempt amount, Judge Mollway's exposition on the expansion of
the levy power to reach even 15% of that exempt amount is nothing but
dicta.[2]

The Defendants also cited *Duran v. I.R.S.*, 103 A.F.T.R.2d 2009-1365
(2009). See Defendants' Motion to Dismiss, Dkt. 14, pg. 9.    Duran

---

[2] Although not directly implicated in the present case, it seems that the
Defendant's reference to § 6334(a)(9) in § 6331(h)(2)(B) may have been
meant to refer to (a)(10) instead, so as to implement Congress' stated
intention "that if wages are subject to levy, wage replacement payments
should also be subject to levy. In addition, *the Committee believes that it is
inappropriate to exempt from levy one type of annuity or pension payment
while most other types of these payments are subject to levy.*" Pub.L. 105-
34, Taxpayer Relief Act of 1997, House Report No. 105-148, § 4.b , pg. 478
(June 24, 1997). Since "service-connected disability" payments under §
6334(a)(10) are the only type of previously exempt wage-replacement
payments not included in the list of "specified payments" in §
6331(h)(2)(B), it makes more sense that Congress intended to subject them
to continuous 15% levies, rather than to reduce the minimum exempt
amount by 15% by allowing additional levies thereon.

incorrectly claimed that § 6331(h) imposed a limit on the amount that could be levied from his wages, but since wages are not included in the definition of "specified payments," the 15% cap on continuous levies of such payments simply did not apply. Instead, as in *Marsh*, the relevant limit was the minimum exempt amount set out in § 6334(a)(9). However, Judge Wanger merely quoted the dicta from *Marsh* to reach the same unnecessary conclusion that "*instead of being permitted to levy only the excess over the exempt amount, the IRS could levy that excess plus up to 15% of the exempt amount.*"

There seems no disagreement that an IRS 668-W Notice of Levy need only be served once to be fully in force – hence the descriptive phrase, "continuous levy" – in contradistinction to a "one-time levy." Thus, all things considered, the provisions of IRC § 6331 (h) would be applicable:

> IRC § 6331(h) Continuing levy on certain payments
> (1) In general -- If the Secretary approves a levy under this subsection, the effect of such levy on **specified payments** to or received by a taxpayer shall be **continuous** from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any **specified payment** due to the taxpayer.[Bold added]

This same subsection then goes on to define a "specified payment":

> IRC § 6331 (h) (2) Specified payment
> For the purposes of paragraph (1), the term "specified payment" means—
> (A) **any Federal payment** other than a payment for which eligibility is

> based on the income or assets (or both) of a payee,
> (B) any payment described in paragraph (4), (7), (9), or (11) of
> section 6334 (a), and
> (C) any annuity or pension payment under the Railroad Retirement
> Act or benefit under the Railroad Unemployment Insurance Act.
> [Bold added]

Therefore, to continuously levy a "*Federal payment other than a
payment for which eligibility is based on the income or assets (or both) of a
payee,*" "*[n]otwithstanding section 6334, such continuous levy shall attach
to up to 15 percent of any specified payment due to the taxpayer.*"
Accordingly, we may conclude that a 15% cap exists here by operation of
law, since Bowers' SSA benefit checks fit the definition of a "specified
payment."

**C.   Do Social Security retirement benefit checks constitute
*"property or rights to property ... exempt from levy other than
the property specifically made exempt by subsection (a)"* so as to
preclude the 15% levy exemption of I.R.C. § 6331(h)?**

The Defendant argued in the District that the 15% cap on continuous
levies authorized by Internal Revenue Code ("I.R.C.") § 6331(h) does not
apply in this case because it has initiated a "one-time" levy under I.R.C. §
6331(a). (Dkt. 14, Def. Mot. to Dismiss, pg. 10.)  It appears that the District
Court also operated on this presumption, stating in its ORDER:

> "*An IRS levy is generally a one-time concurrence rather than a
> continuing event, seizing property in existence at the time the levy is
> served. I.R.C. §§ 6331 (a) and (b).  However, a one-time levy may
> seize a future stream of payments if the taxpayer's right to the*

*payments is fixed and determinable without any requirement for the provision of future services. Treas. Reg. § 301.633-1 [sic]; Rev. Rul. 55-210. Alternatively, where these requirements may not be satisfied, a levy on salary or wages payable to or received by taxpayer can also be continuous from the date the levy is first made until the levy is released pursuant to I/R.C. § 6331(e). Further provisions establish that this type of continuing levy on specified payments ... is subject to a 15% cap.*"

Bowers argued, in his Brief in Opposition to Defendant's Motion to Dismiss, that the levy <u>had</u> to have been a continuous levy, for the provisions for a one-time levy could not apply, as a matter of law. Indeed, SSA retirement benefits do not fit the description of the kind of property that would be subject pursuant to the provisions of I.R.C. § 6331(a) and (b), and regulations implementing same.

The Defendant's claim that a one-time levy – which the court implicitly adhered to – attaches future Social Security benefits, because "*they constitute a fixed and determinable property right for the remainder of his life.*" (Dkt. 14, Def. Mot. To Dismiss, pg. 11.) In support of this claim, reliance was made, by the Defendant and the District Court, upon *Hines v. United States*, 658 F.Supp. 2d 139 (2009). (Def. brief, pg. 7; ORDER, pg. 4.) Judge Friedman in *Hines* stated:

*Plaintiff's right to receive periodic payments for his Social Security retirement benefits was a* **vested interest***. See 42 U.S.C. § 402(a);* <u>Schmiedigen v. Celebrezze</u>*, 245 F. Supp. 825, 827 (D.D.C. 1965). The amount of benefits are calculable — they are based on earnings averaged over plaintiff's lifetime and determinable based*

*upon a complex formula. See 42 U.S.C. §§ 402 et seq. The Social Security Administration's ongoing payment of a specific amount of retirement benefits to plaintiff every month therefore was an **"obligation[ ] existing at the time"** the levies attached under 26 U.S.C. § 6331(b).* [Bold added]

I.R.C. § 6331(b) states: "*Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof.*" The reference to "obligations existing at the time" however, is in contradistinction to *future* obligations, to which the continuous wage levies of subsection (e) attach. It is not a separate classification for what can be attached by a levy, since subsection (a) already establishes that limit:

> *If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by **levy upon all property and rights to property** (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.* \* \* \* 26 I.R.C. § 6331(a) [Bold added]

Thus, "obligations existing at the time" are only attached by a levy insofar as they constitute either "property" or "rights to property."

Therefore, unpaid *future* Social Security benefits, not yet being the "property" of the beneficiary, are only attachable by levy *if* they constitute a "right to property." The court in *Hines* declares that they are, in that Hines had a "vested interest" in those future benefits, and in support thereof, cites *Schmiedigen v. Celebrezze* (245 F. Supp. 825 (D.D.C. 1965). However, that

- 18 -

dictum is not supported by *Schmiedigen* and is in fact *contradicted* by that

decision. In *Schmiedigen*, Judge Holtzoff stated:

> *Consequently, **in spirit at least, if not strictly and technically**, the employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, **should be deemed to have a vested right to the payments prescribed by the statutory scheme**, which in effect comprises the terms of his insurance policy. He has earned the benefits; **he is not receiving a gift**.* (Bold added)

Judge Holtzoff admits that "strictly and technically" an employee does *not*

have a vested right in Social Security benefits, but only "in spirit" should he

"be deemed" to have such a right. In *Haberman v. Finch*, 418 F.2d 664

(1969), Second Circuit Judge Kaufman had this to say about the

*Schmiedigen* decision:

> *Judge Holtzoff also pointed out that while **the Act does not create vested rights**, the System is a contributory one, in which claimants (or their beneficiaries) are **not to be treated as recipients of gratuities**, but as insured wage earners, entitled to no less than a 'liberal and broad construction' will allow.* 245 F.Supp. at 827. [Bold added]

While <u>both</u> of these judges correctly recognized that a recipient of

Social Security benefits has no vested right in future benefit payments, both

still fail to recognize that Social Security benefits are indeed gratuities or

gifts,[3] which is the exact position argued by the government in 1937 in the

---

[3] Of course this isn't surprising because the government has since the beginning of Social Security misled the public on the nature of benefits under the program. John Attarian, in *The Roots of the Social Security Myth*

case *Helvering v. Davis*, 301 U.S. 619 (1937). As Bowers pointed out in his

Brief in Opposition to Motion to Dismiss, according to *The Roots of the*

*Social Security Myth*, by John Attarian:[4]

> *The government's summary declared flatly that the Act* "does not
> constitute a plan for compulsory insurance within the accepted
> meaning of the term 'insurance'. "[72] *[FN 72: Helvering v. Davis, 301
> U.S. 619, at 624; emphasis added.] Arguing before the Court,
> Assistant Attorney General Robert Jackson reiterated that* "these
> benefits are in the nature of pensions or gratuities. **There is no
> contract created by which any person becomes entitled as a
> matter of right to sue the United States or to maintain a claim for
> any particular sum of money. Not only is there no contract
> implied but it is expressly negated, because it is provided in the
> Act, Section 1104, that it may be repealed, altered, or amended in
> any of its provisions at any time.** This Court has held that a pension
> granted by the Government is a matter of bounty, that the pensioner
> has no legal right to his pension, and that they may be given, withheld,
> distributed, or recalled at the discretion of Congress. "[73] *[FN 73: U.S.
> Congress, Senate, Oral Arguments in Helvering et al. v. Davis
> involving the Old-Age Benefit Provisions of the Social Security Act
> Before the Supreme Court of the United States, May 5, 1937, S. Doc.
> 71, 75th Cong., 1st Sess., 1937]* [Bold emphasis added]

In 1953, when Representative Carl T. Curtis (R-Neb.) held hearings on

Social Security, former Commissioner of Social Security Arthur J. Altmeyer

was questioned about the status of benefit payments.

> *[Curtis's chief counsel, Robert] Winn and Curtis had him read out
> excerpts from press releases, Social Security publications, and other*

---

(published in *Essays in Political Economy* (2001), Ludwig von Mises
Institute, 518 West Magnolia Avenue, Auburn, Alabama 36832), spells out
the details of this deception through time.

[4] *The Roots of the Social Security Myth*, pg. 14; See also *Vested Rights in
Social-Security Benefits*, Elmer F. Wollenberg, 37 Ore.L.Rev. 299, 303.

*documents in which Social Security was described as "insurance."
This brought out that the original Act did not describe the benefits as
insurance, and that the administration's* <u>Helvering v. Davis</u> *brief
denied that Social Security could be called insurance. Altmeyer
insisted nonetheless that "Titles II and VIII together constitute an
insurance program."[136] [FN 136: U.S., Congress, House, Committee
on Ways and Means,* <u>Analysis of the Social Security System: Hearings
before a Subcommittee of the House Committee on Ways and Means,</u>
*83rd Cong., 1st sess., 1953, pp. 881–909.]*

*He admitted, however, that "This insurance is established as a
matter of statutory right. There is no individual contract between the
beneficiary and the government."[137] [FN 137:* <u>Analysis of the Social
Security System</u>, *pg. 918][5]*

In *Flemming v. Nestor*, 363 U.S. 603, 609 (1960) the Supreme Court

again addressed the nature of Social Security benefits. Justice Harlan said:

*The Social Security system may be accurately described as a form
of social insurance, enacted pursuant to Congress' power to 'spend
money in aid of the 'general welfare,"* <u>Helvering v. Davis</u>, *supra, 301
U.S. at page 640, 57 S.Ct. at page 908, whereby persons gainfully
employed, and those who employ them, are taxed to permit the
payment of benefits to the retired and disabled, and their dependents.
* * *    But each worker's benefits, though flowing from the
contributions he made to the national economy while actively
employed, are not dependent on the degree to which he was called
upon to support the system by taxation.* **It is apparent that the
noncontractual interest of an employee covered by the Act cannot be
soundly analogized to that of the holder of an annuity, whose right
to benefits is bottomed on his contractual premium payments.**
*\* \* \** ***To engraft upon the Social Security system a concept of
'accrued property rights' would deprive it of the flexibility and
boldness in adjustment to everchanging conditions which it
demands.*** *See Wollenberg,* <u>Vested Rights in Social-Security Benefits</u>,
*37 Ore.L.Rev. 299, 359. It was doubtless out of an awareness of the
need for such flexibility that Congress included in the original Act,
and has since retained, a clause expressly reserving to it '(t)he right*

---

[5] *The Roots of the Social Security Myth*, pg. 25.

*to alter, amend, or repeal any provision' of the Act.*

*We must conclude that a person covered by the Act has not such a right in benefit payments as would make every defeasance of 'accrued' interests violative of the Due Process Clause of the Fifth Amendment.* [Bold added]

Elmer F. Wollenberg, in his article whom Justice Harlan cited approvingly, explains that if benefit recipients had vested rights in the benefits they received, then Congress would be severely limited in the changes that they could make in trying to adapt to future conditions. Wollenberg concludes, *"Title II is another Federal system of 'gratuities,' in the legal sense of that somewhat obnoxious word."*[6] And in the context of gratuities, the Supreme Court has said:

> *Pensions, compensation allowances, and privileges are gratuities. They involve no agreement of parties; and **the grant of them creates no vested right**. The benefits conferred by gratuities may be redistributed or withdrawn at any time in the discretion of Congress.* <u>Lynch v. United States</u>, *292 U.S. 571, 577 (1934)* [Bold added]

Thus in *Hines*, Judge Friedman not only misstates the precedent he claims to be following, but also contradicts the precedence set by the Supreme Court.

Revenue Ruling 55-210, 1955-1 C.B. 544, cited by Defendants in its Motion to Dismiss, is not in disagreement with this view either. The ruling states:

> *"[I]t is the position of the Internal Revenue Service that where a taxpayer has an **unqualified fixed right, under a trust or a contract,***

---

[6] Wollenberg, pg. 358.

> *or through a chose in action, to receive periodic payments or distributions of property, a Federal lien for unpaid tax attaches to the taxpayer's entire right, and a notice of levy based on such lien is effective to reach, in addition to payments or distributions then due, any subsequent payments or distributions that will become due thereunder, at the time such payments or distributions become due.* [Bold added]

The distinction made here is not "whether the taxpayer must perform personal services after the levy attaches" (Def. brief, pg. 6), but whether an *unqualified right* to the future payments already exists, as in the case of a trust or other contract. Indeed, the four examples cited by Defendant of decisions rendered in conformance with Rev. Rul. 55-210 all have that characteristic; three are strictly contractual, and the fourth deals with a trust. However, as shown above, beneficiaries of Social Security benefits have no contractual right to future payments, and therefore a one-time levy does not reach those future payments, despite the *Hines* court's decision otherwise. If the Internal Revenue Service wants to reach future Social Security benefit payments, the only way is through a continuous levy under I.R.C. § 6331(h).

## VII.  Conclusion:

Wherefore, Appellant prays that this Court:

1.    FIND that the District Court for the Middle District of Illinois erred when it found that it did not have jurisdiction over this controversy for failure to state a claim upon which relief may be

granted;

2. FIND that, consistent with the rulings of the United States Supreme Court, Social Security retirement benefits are not contractual in nature, do not constitute an insurance program, and do not give rise to a vested right, but are rather, a privilege;

3. FIND that an IRS levy upon Social Security Administration retirement benefit checks cannot be the subject of a one-time levy, but rather, can only be levied in keeping with the continuous levy provisions of Title 26 U.S.C. § 6331 (h);

4. DECIDE that the District Court for the Middle District of Illinois had jurisdiction pursuant to the provisions of Title 26 U.S.C. § 7433; and,

5. REMAND this case back to the United States District Court for further proceedings, so that it may make a decision in keeping with the ORDERS of this Court.

Respectfully submitted this 10th day of September, 2012.

Gary D. Bowers
P. O. Box 502
Pekin, Illinois  61555

**Certificate of Compliance with Type-volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.  This reply brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) because this brief contains 5,473 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a) (7) (B) (iii)

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Windows in 14 point Times New Roman.

Respectfully submitted this 10th day of September, 2012.


Gary D. Bowers
P. O. Box 502
Pekin, Illinois  61555

## CERTIFICATE OF SERVICE

I, James Kerr, who is over the age of 21, do hereby certify that 25 copies of the above brief, along with 10 copies of the Appendix, were mailed to the Clerk of the United States Court of Appeals for the 7th Circuit by Federal Express Mail on this 10th day of September, 2012; and that service of this brief was made on the attorney for the Appellee, on this 10th day of September, 2012, by mailing two copies of this brief, along with one copy of its appendix, by First Class mail in an envelope, properly addressed to her with correct postage affixed, as follows:

Teresa T. Milton, Atty.
U.S. DOJ – Tax Div./Appellate Sec.
P. O. Box 502
Washington, D.C.  20044

## No. 12-2650

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

GARY D. BOWERS,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, et al.,

Defendants - Appellees

U.S.C.A. – 7th Circuit
RECEIVED
SEP 1 2 2012 DDS
GINO J. AGNELLO
CLERK

## APPENDIX

| ITEM | PAGE NUMBERS |
|---|---|
| District Court Docket | 1-5 |
| District Court Complaint | 6-14 |
| ORDER of the District Court filed 4/22/12 | 15-19 |
| "JUDGMENT IN A CIVIL CASE" of the District Court filed 4/24/12 | 20 |
| Notice of Appeal | 21-22 |

U.S.C.A. – 7th Circuit
FILED
SEP 1 2 2012 DDS
GINO J. AGNELLO
CLERK

APPEAL,CLOSED,PROSE,REFER

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: 1:11-cv-01224-JES-JAG

Bowers v. United States of America et al
Assigned to: Chief Judge James E. Shadid
Referred to: Magistrate Judge John A. Gorman
Case in other court: CA7, 12-02650
Cause: 26:7426 IRS: Wrongful Levy for Taxes

Date Filed: 06/13/2011
Date Terminated: 05/22/2012
Jury Demand: Plaintiff
Nature of Suit: 870 Taxes
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Gary D Bowers**                   represented by  **Gary D Bowers**
                                                    PO Box 502
                                                    Pekin, IL 61555
                                                    PRO SE

V.

**Defendant**

**United States of America**        represented by  **Larry Steven Schifano**
                                                    US DEPT OF JUSTICE - TAX
                                                    DIVISION
                                                    555 4th Street NW
                                                    Washington, DC 20001
                                                    202-307-6575
                                                    Email: l.steven.schifano@usdoj.gov
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner of Internal Revenue**   represented by  **Larry Steven Schifano**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/13/2011 | 1 | COMPLAINT against Commissioner of Internal Revenue, United States of America (Filing fee $ 350, Receipt 14626011286.), filed by Gary D Bowers. (Attachments: # 1 Civil Cover Sheet)(SW, ilcd) (Entered: 06/13/2011) |
| 06/13/2011 | 2 | Summons Issued as to James A. Lewis, US Attorney, Eric Holder, USAG and Douglas H. Shulman. (SW, ilcd) (Entered: 06/13/2011) |

[1]

| 06/14/2011 | | TEXT ONLY ORDER noting that Plaintiff has cited 26 U.S.C. 7442 as the basis for this Court's jurisdiction. However, that section provides, "The Tax Court and its division shall have such jurisdiction as is conferred on them by this titlw...." Plaintiff is directed to file a supplemental brief indicating a proper basis for this Court's jurisdiction to entertain his Complaint within 14 days or this matter will be dismissed. Entered by Judge James E. Shadid on 06/14/11. (KK, ilcd) (Entered: 06/14/2011) |
|---|---|---|
| 07/01/2011 | 3 | MOTION for Leave to File Answer to 6/16/11 Text Order by Plaintiff Gary D Bowers. Responses due by 7/18/2011 (SW, ilcd) (Entered: 07/01/2011) |
| 07/05/2011 | | TEXT ONLY ORDER granting 3 Motion for Leave to File Supplemental Pleading Instanter. The supplement shall be considered along with the Complaint as part of Plaintiff's jurisdictional basis. Entered by Judge James E. Shadid on 07/05/11. (KK, ilcd) (Entered: 07/05/2011) |
| 07/05/2011 | 4 | Response filed as, "Answer to Text Only Order of Court - June 16, 2011" by Gary D Bowers. (SW, ilcd) (Entered: 09/16/2011) |
| 09/16/2011 | 5 | Return of Service Executed by Gary Bowers as to Commissioner of Internal Revenue 8/29/2011; United States of America 8/23/2011. (SW, ilcd) (Entered: 09/16/2011) |
| 09/16/2011 | | Set/Reset Deadlines: Commissioner of Internal Revenue answer due 10/28/2011; United States of America answer due 10/24/2011. (SW, ilcd) (Entered: 09/16/2011) |
| 10/20/2011 | 6 | MOTION for Extension of Time to File Response/Reply as to 1 Complaint by Defendants Commissioner of Internal Revenue, United States of America. Responses due by 11/7/2011 (Schifano, Larry) (Entered: 10/20/2011) |
| 10/20/2011 | | TEXT ONLY ORDER by Magistrate Judge John A. Gorman, granting 6 Motion for Extension of Time to File Answer to the Complaint. The United States and the Commissioner of Internal Revenue shall file pleadings responsive to the complaint on or before Nov. 23, 2011. Entered on 10/20/11. (JB, ilcd) (Entered: 10/20/2011) |
| 10/21/2011 | | Set/Reset Deadlines: Commissioner of Internal Revenue answer due 11/23/2011; United States of America answer due 11/23/2011. (SW, ilcd) (Entered: 10/21/2011) |
| 10/25/2011 | | TEXT ONLY ORDER by Magistrate Judge John A. Gorman: Local Rule 11.1 requires that every pleading "must show" a telephone number where the filing party may be reached by telephone. Plaintiff, who is proceeding pro se, has failed to comply with this Rule. He is therefore directed to file in writing a supplement to his complaint, by Nov. 11, 2011, showing a telephone number where he can be reached. Entered on 10/25/11. (JB, ilcd) (Entered: 10/25/2011) |
| 11/22/2011 | 7 | MOTION for Extension of Time to File Answer *or Other Responsive Pleading* by Defendants Commissioner of Internal Revenue, United States of America. Responses due by 12/9/2011 (Schifano, Larry) (Entered: 11/22/2011) |

[ 2 ]

| 11/22/2011 | | TEXT ONLY ORDER granting 7 Motion for Extension of Time to Answer. Commissioner of Internal Revenue and United States of America shall file their responive pleadings on or before 12/7/2011. The Court presumes that Plaintiff does not oppose this motion and rules before Plaintiff has the opportunity to respond, because Plaintiff has disregarded the Order that he provide a telephone number where he can be reached, thereby making it impossible for defense counsel to discuss this matter with him. See Order of 10/25/11. Entered by Magistrate Judge John A. Gorman on 11/22/11. (JB, ilcd) (Entered: 11/22/2011) |
|---|---|---|
| 12/07/2011 | 8 | ANSWER to 1 Complaint AND AFFIRMATIVE DEFENSES by Commissioner of Internal Revenue, United States of America.(Schifano, Larry) (Entered: 12/07/2011) |
| 12/08/2011 | 9 | CERTIFICATE *of Service for Answer of the United States*. (Schifano, Larry) (Entered: 12/08/2011) |
| 12/08/2011 | 10 | ORDER by Magistrate Judge John A. Gorman setting Rule 16 Scheduling Conference. Rule 16 Scheduling Conference set for 1/19/2012 at 11:45 AM in in chambers in Peoria before Magistrate Judge John A. Gorman. Agreed Report of Rule 26(f) planning meeting to be filed by 1/16/12. The Plaintiff has on two prior occasions been advised of the requirement that he provide a telephone number and he has been ordered to comply with that requirement. He has yet to comply with that Order. He must participate in the Rule 16 conference, and in order to do so, he must provide the Court with a telephone number, no later than (7 days before the conference) where he can be reached on that date and time of the conference. Plaintiff is cautioned that failure to comply with this Order may result in dismissal of his lawsuit or some other appropriate sanction for disregarding the Rules and Orders of this Court. Entered on 12/8/11. (WW, ilcd) (Entered: 12/08/2011) |
| 01/04/2012 | 11 | NOTICE filed as, "Special Appearance of Plaintiff Gary Bowers Regarding Rule 16 Scheduling Conference" by plaintiff Gary D Bowers. (SW, ilcd) (Entered: 01/04/2012) |
| 01/05/2012 | | TEXT ONLY ORDER by Magistrate Judge John A. Gorman in re 11 Notice by Pro se Plaintiff. Plaintiff has advised the court that he does not have a telephone but can call in to the court from a pay phone. On this occasion, this procedure will be allowed. Accordingly, on 1/19/2012 at 11:40 AM, plaintiff is ordered to call 1-309-671-7140 so that he may participate in the scheduling conference. Entered on 1/5/12. (WW, ilcd) (Entered: 01/05/2012) |
| 01/19/2012 | | Minute Entry for proceedings held before Law Clerk for Magistrate Judge John A. Gorman: Parties present via phone by pro se plaintiff Bowers and Atty Schifano for Rule 16 Scheduling Conference on 1/19/2012. Same not held. Defendant to file Motion briefing defense regarding subject matter jurisdiction within 30 days. Plaintiff to file response 30 days thereafter. (SW, ilcd) Modified on 1/19/2012 SW, ilcd). (Entered: 01/19/2012) |
| 02/15/2012 | 12 | MOTION for Extension of Time to File *Motion to Dismiss* by Defendant United States of America. Responses due by 3/5/2012 (Schifano, Larry) (Entered: |

[ 3 ]   9/8/2012 11:29 AM

| | | |
|---|---|---|
| | | 02/15/2012) |
| 02/24/2012 | | TEXT ONLY ORDER granting 12 Motion for Extension of Time to File. Entered by Judge James E. Shadid on 02/24/12. (KK, ilcd) (Entered: 02/24/2012) |
| 02/24/2012 | 13 | MOTION for Extension of Time to File *Motion to Dismiss* by Defendants Commissioner of Internal Revenue, United States of America. Responses due by 3/12/2012 (Schifano, Larry) (Entered: 02/24/2012) |
| 02/27/2012 | | TEXT ONLY ORDER granting 13 Motion for Extension of Time to File Motion to Dismiss in that Defendant shall have an additional three days to file its motion. Entered by Judge James E. Shadid on 02/27/12. (KK, ilcd) (Entered: 02/27/2012) |
| 02/29/2012 | 14 | MOTION to Dismiss by Defendants Commissioner of Internal Revenue, United States of America. Responses due by 3/19/2012 (Attachments: # 1 Brief, # 2 Declaration)(Schifano, Larry) (Entered: 02/29/2012) |
| 02/29/2012 | 15 | Exhibit re 14 MOTION to Dismiss *a Declaration of Counsel* by Commissioner of Internal Revenue, United States of America. (Schifano, Larry) (Entered: 02/29/2012) |
| 03/01/2012 | 16 | NOTICE from Clerk to Plaintiff re Defendant's filing 14 MOTION to Dismiss on 2/29/2012 (KB, ilcd) (Entered: 03/01/2012) |
| 03/01/2012 | 17 | Exhibit re 14 MOTION to Dismiss *the Statement of Facts* by Commissioner of Internal Revenue, United States of America. (Schifano, Larry) (Entered: 03/01/2012) |
| 03/01/2012 | 18 | CERTIFICATE *of Service re Motion for Summary Judgment.* (Schifano, Larry) (Entered: 03/01/2012) |
| 03/13/2012 | 19 | MOTION for Extension of Time to File Response to 14 MOTION to Dismiss by Plaintiff Gary D Bowers. Responses due by 3/30/2012 (SW, ilcd) (Entered: 03/13/2012) |
| 03/20/2012 | | TEXT ONLY ORDER granting 19 Motion for Extension of Time to File Response/Reply re 14 MOTION to Dismiss . Responses due by 4/13/2012. Entered by Chief Judge James E. Shadid on 03/20/12. (KK, ilcd) (Entered: 03/20/2012) |
| 04/12/2012 | 20 | RESPONSE to 14 MOTION to Dismiss filed by Plaintiff Gary D Bowers. (SW, ilcd) (Entered: 04/12/2012) |
| 04/23/2012 | 21 | MOTION for Extension of Time to File *Reply Brief* by Defendants Commissioner of Internal Revenue, United States of America. Responses due by 5/10/2012 (Schifano, Larry) (Entered: 04/23/2012) |
| 04/30/2012 | | TEXT ONLY ORDER granting 21 Motion for Extension of Time to File Reply Brief. The reply brief will be due on or before 5/11/12. Entered by Chief Judge James E. Shadid on 04/30/12. (KK, ilcd) (Entered: 04/30/2012) |

*[4]*

9/8/2012 11:29 AM

| 05/10/2012 | 22 | MOTION for Extension of Time to File *Reply Brief*, MOTION for Leave to File Excess Pages *re Reply Brief* by Defendant United States of America. Responses due by 5/29/2012 (Schifano, Larry) (Entered: 05/10/2012) |
|---|---|---|
| 05/18/2012 | 23 | REPLY to Response to Motion re 14 MOTION to Dismiss filed by Defendant United States of America. (Schifano, Larry) (Entered: 05/18/2012) |
| 05/21/2012 | 24 | CERTIFICATE OF SERVICE by United States of America re 23 Reply to Response to Motion *to Dismiss or for Summary Judgment* (Schifano, Larry) (Entered: 05/21/2012) |
| 05/22/2012 | 25 | ORDER Entered by Chief Judge James E. Shadid on 5/22/12. For the reasons set forth above, the Motion to Dismiss 14 is GRANTED and the alternativerequest for summary judgment is MOOT. This matter is DISMISSED for failure to state a claim upon which relief could be granted. All deadlines or hearings are VACATED and any other pending motions are now MOOT. This matter is now TERMINATED. (cc:pla)(SW, ilcd) (Entered: 05/22/2012) |
| 05/24/2012 | 26 | JUDGMENT: It is ordered and adjudged that this matter is Dismissed for failure to state a claim upon which relief could be granted. This matter is now TERMINATED. (cc:pla) (SW, ilcd) (Entered: 05/24/2012) |
| 07/12/2012 | 27 | NOTICE OF APPEAL as to 25 Order Dismissing Case by Gary D Bowers. Filing fee $ 455, receipt # 14626014908. (SW, ilcd) (Entered: 07/12/2012) |
| 07/12/2012 | 28 | Short Record of Appeal Sent to US Court of Appeals re 27 Notice of Appeal (SW, ilcd) (Entered: 07/12/2012) |
| 07/12/2012 | 29 | NOTICE of Docketing Record on Appeal from USCA re 27 Notice of Appeal filed by Gary D Bowers. USCA Case Number 12-2650 (SW, ilcd) (Entered: 07/13/2012) |
| 07/26/2012 | 30 | Rule to Show Cause Circuit Rule 3(c) Docketing Statement as to 27 Notice of Appeal filed by Gary D Bowers. Appellant to file docketing statement within 14 days (SW, ilcd) (Entered: 07/26/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/08/2012 10:25:58 | | |
| **PACER Login:** | jk3040 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-01224-JES-JAG |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

[5]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

GARY D. BOWERS,

    Plaintiff,

    -vs-

UNITED STATES OF AMERICA and
COMMISSIONER OF
INTERNAL REVENUE,

    Defendants.

**FILED**

JUN 1 3 2011

PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Docket No.  11-1224

---

### CIVIL COMPLAINT

    COMES NOW the Plaintiff *pro se*, Gary D. Bowers ("Mr. Bowers"), and files this Complaint to abate an excessive continuous levy against his Social Security benefit checks; and to be refunded those amounts which were taken from past Social Security benefit checks, in excess of what the law provides for.

**Jurisdiction:**

1.    This court has jurisdiction pursuant to the provisions of Title 26 U.S.C. § 7442.

**Parties:**

2.    The Plaintiff in this action is Gary D. Bowers. Mr. Bowers' mailing address is Post Office Box 502, Pekin, Illinois 61555.

3.    The Defendants in this action is the United States of America and the

[ 6 ]

Commissioner of Internal Revenue, of the Internal Revenue Service. The
mailing address of the Internal Revenue Service is 1111 Constitution
Avenue, Washington D.C. 20224.

### Cause of Action:

4.    Mr. Bowers has been receiving social security benefit checks for a number
of years, and continues to be eligible for Social Security benefit checks, to
this day. Mr. Bowers has paid a lot of money into the Social Security
insurance system.

5.    The Defendant, Commissioner of the Internal Revenue, or one of his
employees, has made a levy of Mr. Bowers's Social Security benefit checks,
insofar as this action is concerned, beginning June, 2010. This taking has
been continuous from June, 2010, until the present.

6.    The Internal Revenue Service has demanded of the Social Security
Administration, $1,107.80 of each and every Social Security Benefit check
since June of 2010 and has done so continuously. The Social Security
Administration itself has complied with the Internal Revenue Services'
unlawful demands, even though Mr. Bowers has made several attempts to
abate said unlawful levies.

7.    The amounts taken from each of Mr. Bowers's benefit checks were in
excess of 15%, and total approximately $14,401.40, during the time period
spanning June, 2010 through to, and including June, 2011. See Plaintiff's

2

[7]

Exhibit 1: Document from the Social Security Administration how much was taken from Mr. Bowers's Social Security benefit checks during this time period.

8.   Mr. Bowers has made repeated attempts to contact the Internal Revenue Service to abate the aforementioned excessive levies, and has been consistently denied or ignored.

9.   On or about May 20, 2010, Mr. Bowers sent a certified letter to his local Taxpayer Advocate at Taxpayer Advocate Service at 230 S. Dearborn Street, Room 2860, Stop 1005-CHI, Chicago, Illinois 60604. He demanded that the aforementioned unlawful levies cease. See Plaintiff's Exhibit 2.

10.  Furthermore, said same letter referred to in the preceding paragraph was via certified mail, to the Internal Revenue Service office located at 1111 Constitution Avenue, Washington D.C. 20224.

11.  It has been over ten (10) months since Mr. Bowers sent the letters referred to in paragraphs nine (9) and ten (10). The Taxpayer Advocate Service and the Internal Revenue Service generally continue to ignore Mr. Bowers and his requests that the defendants comply with the written law.

12.  Mr. Bowers has exhausted all administrative remedies.

**Prayer for relief:**

Plaintiff prays that this court grant the following relief:

1.   FIND that the Internal Revenue Service violated the law when it took more

3

[ 8 ]

than 15% of Plaintiff's Social Security benefit checks during the time the alleged levies began in June of 2010, until the present date;

2.    ORDER that the Internal Revenue Service discontinue any and all levies of Plaintiff's Social Security benefit checks in excess of 15% in the future;

3.    ORDER that the Defendant refund all those monies taken in excess of 15% of each and every benefit check upon which excessive levies have been made; and,

4.    ORDER that the Defendant pay interest on the monies unlawfully taken from Plaintiff's Social Security benefit checks.

Respectfully submitted this _8_ day of June, 2011.

Gary D. Bowers
P. O. Box 502
Pekin, Illinois  61555

4

[9]

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Important Information

Great Lakes Program Service Center
600 West Madison Street
Chicago, Illinois 60661-2474
Date:  May 11, 2010
Claim Number: 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A



000000024 01 SP   0.440  T002,TXL,0504,PC4,CH
GARY D BOWERS
2503 BROOKLAWN
PEKIN IL 61554-5316

We are writing to you about the Internal Revenue Service (IRS) Notice of Levy.

The Internal Revenue Service (IRS) has asked us to take money from your Social Security payments because you owe them money.

**What We Will Take Out**

The Internal Revenue Service (IRS) will take part of your Social Security benefits because you owe them money.  The IRS calls this action a Notice of Levy.

**What We Plan To Do**

IRS asked us to take $1,107.80 from each monthly payment you are due to pay IRS. We withheld $1,107.80 from the payment you will receive around June 3, 2010.  After that we will withhold $1,107.80 each month.  You will receive another letter showing the payment amount you will receive.

**What You Need To Do**

To help decide the correct amount of money to send the IRS, you need to complete page 2 of this letter "Statement of Exemptions and Filing Status" and return it within 10 days from the date you receive this letter.  Return the completed statement in the enclosed envelope.  Please keep a copy for your records.

If we do not receive the completed statement within the 10 day period, IRS will only allow an exemption amount of $779.17.

C                              See Next Page                          [10]

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A

**If You Have Any Questions**

If you need more information or have any questions, please contact your local
IRS office.

*Phyllis M. Smith*

Phyllis M. Smith
Assistant Regional Commissioner
Processing Center Operations

Enclosure(s):
Return envelope

[ 11 ]

*** REC 2011161 144231 HA4C29E0 AK3B CIPQYAD PQAD (F-AK3 ) ***

SOCIAL SECURITY ADMINISTRATION

Date: June 10, 2011
Claim Number:

GARY D BOWERS
2503 BROOKLAWN
PEKIN IL 61554-5316

SOCIAL SECURITY ADMINISTRATION
815 W. PIONEER PKWY
PEORIA, IL 61615-2144

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Other Important Information

OUR RECORDS SHOW A TOTAL OF $7754.60 WAS WITHHELD AS A TREASURY OFFSET FOR
2010 AND AN ADDITIONAL $7754.60 IN 2011.

There was no cost of living adjustment in Social Security benefits in December
2010. The benefit amount shown is current as of the date on this letter.

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your
local Social Security office at 877-405-0499. We can answer most questions
over the phone. You can also write or visit any Social Security office. The
office that serves your area is located at:

SOCIAL SECURITY
2801 BROADWAY
PEKIN, IL 61554

If you do call or visit an office, please have this letter with you. It will
help us answer your questions.

OFFICE MANAGER

[ 12 ]

Gary D. Bowers
P. O. Box 502
Pekin, Illinois 61555

May 20, 2010

*Sent to the following Addressees:*

Certified Mail No. 7007 0710 0003 1773 1538
Taxpayer Advocate Service
230 S. Dearborn St., Room 2860, Stop 1005-CHI
Chicago, IL 60604

Certified Mail No. 7007 0710 0003 1773 1613
Internal Revenue Service
1111 Constitution Ave.
Wa. D.C. 20224

Re:     Withholding in excess of 15% of my Social Security benefit checks, my
        request that this excessive withholding be abated, and my request for
        restitution of all amounts taken from my Social Security benefit checks in
        excess of 15%

Dear Sirs,

        I am in receipt of a letter from the Social Security Administration ("SSA")
dated May 11, 2010, in which I am informed that the Internal Revenue Service
("IRS") has sent a Notice of Levy demanding that $1,107.80 be taken out of my
SSA benefit checks.  The result of this "levy," is that I will have to live on
$779.17 every month!  Moreover, this demand on the part of the IRS—and the
SSA's acquiesce of the demand—is illegal. That is why I am writing to you today.
This letter is my attempt to resolve this wrong, administratively, in keeping with
the law, and its regulations pertaining thereto.  See Title 26 U.S.C. § 7433 and
Title 26 C.F.R.  § 301.7433-1.

        Accordingly, I am writing to the Taxpayer Advocate's office of my state
(Illinois) and the IRS offices in Washington D.C. The reason I decided to send a
copy of this letter to the Taxpayer Advocate's Office, is because an official IRS
website said that that would be the proper thing to do to resolve my problem. I
have attached a printout of that webpage, for your convenient reference. I could

*Over*

[ 13 ]

find no address or offices of the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." See 26 CFR § 301.7433-1(e)(1). As such, I trust that sending this letter to these two offices shall suffice to satisfy the requirements of the applicable regulations. In the event that I am mistaken, please inform me of this in writing; you may send such notification to me at the address indicated in the letterhead above.

The particulars of this mater are as follows:

I, Gary D. Bowers, have been receiving Social Security benefit checks for some years now, and I continue to be eligible for Social Security benefit checks, to this day.

The IRS has sent a Notice to the Social Security Administration demanding that my Social Security benefit checks be levied in an amount in excess of 15%, starting with my June, 2010 check. The IRS has demanded $1,107.80 of my checks for an indefinite period of time.

I have made other attempts to contact the IRS to abate the aforementioned excessive levies, and have been consistently denied or ignored.

I demand that all monies taken from my SSA benefit checks in excess of 15% be returned to me, with interest accruals provided by law; and,

I request that future withholdings from my SSA benefit checks not exceed 15%.

Your kind attention to this matter shall be sincerely appreciated.

Sincerely,

Gary D. Bowers

Re:    The letter from the Social Security Administration dated May 11, 2010, in which I am informed that over 15% of my Social Security Benefit Checks will be levied by the Internal Revenue Service; a printout originating from the Taxpayer Advocate Service, explaining its purpose.

2

[14]

E-FILED
Tuesday, 22 May, 2012 03:01:55 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

GARY D. BOWERS,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )     Case No. 11-1224
                                         )
UNITED STATES OF AMERICA and             )
COMMISSIONER OF INTERNAL                 )
REVENUE,                                 )
                                         )
                    Defendants.          )

# **O R D E R**

This matter is now before the Court on Defendant's Motion to Dismiss or Alternatively for

Summary Judgment.  For the reasons set forth below, the Motion to Dismiss [14] is GRANTED.

### BACKGROUND

Plaintiff, Gary Bowers, is a resident of Pekin, Illinois.  He has received monthly social

security benefits for a number of years and continues to receive these benefits.  In June 2010, the

Internal Revenue Service placed a levy against Bowers' social security benefits to collect overdue

tax debt, requiring the Social Security Administration to remit $1,107.80 of each of the checks since

June 2010 to the IRS and leaving a $779.17 monthly benefit for Bowers.  He contends that this levy

exceeds the 15% maximum allowed under IRS regulations and that all efforts to remedy the situation

through the administrative process have failed.

Defendants have now moved to dismiss the Complaint.  The matter is fully briefed, and this

Order follows.

[ 15 ]

### DEFENDANTS MOTION TO DISMISS

**I.    Legal Standard**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**II.    Analysis**

The Complaint cites 26 U.S.C. § 7442 as the basis for jurisdiction. Section 7442 provides in its entirety:

> The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat 10-87), or by laws enacted subsequent to February 26, 1926.

2

[16]

This section plainly does not vest Plaintiff with jurisdiction to sue the IRS in federal district court. However, the Court notes that 26 U.S.C. § 7433 does authorize a private right of action to collect civil damages in federal district court and also contains a waiver of sovereign immunity for such a suit.

A levy is an administrative order from the IRS seizing property belonging to a taxpayer in payment of an outstanding tax liability. I.R.C. § 6331(a). Individual income, including social security benefits, is partially exempt from levy under I.R.C. § 6334 in an amount equal to the sum of the taxpayer's standard deduction and personal exemptions. 42 U.S.C. § 407; I.R.C. §§ 6334(a)(9), (c), and (d). For 2009 and 2010, this exempt amount was $779.17 per month.

An IRS levy is generally a one-time occurrence rather than a continuing event, seizing property in existence at the time the levy is served. I.R.C. §§ 6331 (a) and (b). However, a one-time levy may seize a future stream of payments if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services. Treas. Reg. § 301.633-1; Rev. Rul. 55-210. Alternatively, where these requirements may not be satisfied, a levy on salary or wages payable to or received by a taxpayer can also be continuous from the date the levy is first made until the levy is released pursuant to I.R.C. § 6331(e). Further provisions establish that this type of continuing levy on specified payments (which can also include the social security payments at issue here) is subject to a 15% cap. I.R.C. §§ 6331(h)(1) and (2). It is this 15% cap that Plaintiff claims has been violated in this case.

Plaintiff does not challenge the procedures used to institute the levy, but only the amount levied from his social security benefits. Essentially, his position boils down to the argument that any levy against income, such as social security payments, must be made pursuant to I.R.C. § 6331(h)

[17]

and is therefore subject to the 15% cap. This argument lacks any basis in fact or law, as "the permissive language of the statute gives the Secretary discretion to approve [continuous] levies under Section 6331(h) rather than under Section 6331(a), but Section 6331(h) does not *require* the Secretary to attach a continuous levy [under Section 6331(h)] even where the type of property might be eligible for one." *Hines v. United States*, 658 F.Supp.2d 139, 146-47 (D.D.C. 2009). In other words, where a levy could be issued under both sections, the statute does not compel that the levy be issued under one section or the other.

Here, Plaintiff's social security payments represent a present, vested right to receive such benefits in fixed monthly payments for the rest of his life. "The amount of benefits are calculable – they are based on earnings averaged over plaintiff's lifetime and determinable based upon a complex formula." *Id.*, *citing* 42 U.S.C. §§ 402 *et seq.* Receipt of benefits is not contingent on the performance of any additional services, and the tax lien and levy could therefore attach to the entire stream of payments as a one-time levy pursuant to §§ 6331(a)-(b). The assertion that this was a one-time levy is further supported by the fact that the levy was initiated by a paper Form 668-W rather than the electronic processes under the Federal Payment Levy Program, as would be the proper mechanism for a continuous levy. As a one-time levy, the 15% cap on continuing levies under § 6331(h) is simply inapplicable. *See United States v. Marsh,* 89 F.Supp.2d 1171, 1178-79 (D.Hawaii 2000). Plaintiff has therefore failed to establish a claim for relief that is plausible on its face, and the Complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [14] is GRANTED and the alternative request for summary judgment is MOOT. This matter is DISMISSED for failure to state a claim

[ 18 ]

upon which relief could be granted. All deadlines or hearings are VACATED and any other pending

motions are now MOOT. This matter is now TERMINATED.

ENTERED this 22nd day of May, 2012.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

5

[19]

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

**FILED**

MAY 2 4 2012

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Gary D. Bowers | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case Number:   11-1224 |
| | ) | |
| | ) | |
| United States of America | ) | |

## JUDGMENT IN A CIVIL CASE

**DECISION BY THE COURT**.  This action came before the Court.  The issues have been heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this matter is Dismissed for failure to state a claim upon which relief could be granted. This matter is now TERMINATED.

Dated:  5/24/12

s/ Pamela E. Robinson
Pamela E. Robinson
Clerk, U.S. District Court

[ ≥ 0 ]

FILED

JUL 1 2 2012

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
--Peoria Division--

GARY D. BOWERS,

    Plaintiff,

    -vs-

UNITED STATES OF AMERICA
and COMMISSIONER OF
INTERNAL REVENUE,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

    Civil No. 1:11-cv-01224-JES

## NOTICE OF APPEAL

Notice is hereby given that Petitioner *pro se*, Gary D. Bowers appeals to the

United States Court of Appeals for the Seventh Circuit from, the entirety of the ORDER

of the United States Tax Court, which appears to have been made on May 22, 2012.

Dated this _11_ day of July, 2012.

*Gary D. Bowers*

Gary D. Bowers
P. O. Box 502
Pekin, Illinois 61555

[21]

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was mailed via 1st Class Mail, postage having been paid in full, on July _____, 2012, to:

L. Steven Schifano, Atty.
U.S. Dept of Justice
P. O. Box 55, Ben Franklin Station
Washington, D.C.  20044

_____

Gary D. Bowers

*Also sent to:*

Clerk, U.S. Dist Ct.—Central Dist. Ill.
309 U.S. Courthouse
100 N.E. Monroe St.
Peoria IL 61602

2

[ 22 ]