No. 12-2650

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

## GARY D. BOWERS

Plaintiff - Appellant

v.

## UNITED STATES OF AMERICA, et al.

Defendants - Appellees

_____

## ON APPEAL FROM THE JUDGMENT
## OF THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## (HONORABLE JAMES E. SHADID)

_____

## BRIEF FOR THE APPELLEES

_____

**KATHRYN KENEALLY**
 *Assistant Attorney General*

**JONATHAN S. COHEN**   **(202) 514-2970**
**TERESA T. MILTON**    **(202) 514-2947**
 *Attorneys*
 *Tax Division*
 *Department of Justice*
 *Post Office Box 502*
 *Washington, D.C. 20044*

*Of Counsel*:
**JAMES A. LEWIS**
 *United States Attorney*

-i-

# TABLE OF CONTENTS

**Page(s)**

Jurisdictional statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Statement of the issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Statement of the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Statement of the facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Summary of argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Argument:

       The District Court correctly dismissed taxpayer's action
       seeking to limit to 15% a levy on his Social Security
       benefits and a return of amounts already levied to the
       extent they exceeded the 15% limitation. . . . . . . . . . . . . . . . . . . . 10

       A.    The United States has not waived its sovereign
            immunity for purposes of taxpayer's suit. . . . . . . . . . . . . . 10

       B.    Injunctive and declaratory relief are barred, as a
            jurisdictional matter, by the Anti-Injunction Act
            and the Declaratory Judgment Act. . . . . . . . . . . . . . . . . . . 17

       C.    Assuming that the District Court had jurisdiction,
            it correctly concluded that the complaint failed to
            state a claim for which relief could be granted,
            because taxpayer's contention that the IRS is
            prohibited from levying on social security payments
            in excess of 15% is wrong as a matter of law. . . . . . . . . . . . 20

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
Certificate of compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
Certificate of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

-ii-

# TABLE OF AUTHORITIES

**Cases:**                                                        **Page(s)**

*Allied/Royal Parking, L.P. v. United States*,
    166 F.3d 1000 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*In re Anderson*, 250 B.R. 707 (Bkrtcy. D. Mont. 2000). . . . . . . . . . . . . 26
*Baker v. United States*, 817 F.2d 560 (9th Cir. 1987). . . . . . . . . . . . . . 11
*Balser v. Department of Justice, Office of U.S. Trustee*,
    327 F.3d 903 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Beam v. United States*, 2007 WL 1674083 (D. Or. 2007). . . . . . 18, 22, 26
*Beneficial Consumer Discount Co. v. Poltonowicz*,
    47 F.3d 91 (3d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
*Blackmar v. Guerre*, 342 U.S. 512 (1952). . . . . . . . . . . . . . . . . . . . . . 11
*Block v. North Dakota*, 461 U.S. 273 (1983). . . . . . . . . . . . . . . . . . . . 12
*Bob Jones University v. Simon*, 416 U.S. 725 (1974). . . . . . . . . . . . 17, 18
*Bonetti v. Department of the Treasury*,
    1990 WL 155619 (S.D. N.Y. 1990). . . . . . . . . . . . . . . . . . . . . . . . . 26
*Chocallo v. United States*, 299 Fed. Appx.
    112 2008 WL 4813088, at *3 (3d Cir. 2008). . . . . . . . . . . . . . . . . 14
*Cleveland v. Sec'y of Health and Human Services*,
    1993 WL 321755 (N.D. IL. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . 21
*In re Connor*, 27 F.3d 365 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 21
*Ctr. for Biological Diversity v. Hamilton*,
    453 F.3d 1331 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . 11-12
*Director, Off. of Workers' Comp. Programs, U.S. Department*
    *of Labor v. Ball*, 826 F.2d 603 (7th Cir. 1987). . . . . . . . . . . . . . . . 21
*Drye v. United States*, 528 U.S. 49, 120 S. Ct. 474 (1999). . . . . . . . . . 20
*Duran v. IRS*, 2009 WL 700518 (E.D. Cal. 2009). . . . . . . . . . . . . . . . . 18
*Enax v. Commissioner*, 2012 WL 1868869 (11th Cir. 2012). . . . . . 19, 26
*Enochs v. Williams Packing and Navigation Co.*,
    370 U.S. 1, 82 S. Ct. 1125 (1962). . . . . . . . . . . . . . . . . . . . . . . . . 17
*Flora v. United States*, 357 U.S. 63, 78 S. Ct. 1079 (1958). . . . . . . . . . 15
*Fried v. New York Life Insurance Co.*,
    241 F.2d 504 (2d Cir. 1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

-iii-

**Cases (continued):** **Page(s)**

*Gonsalves v. IRS*, 975 F.2d 13 (1st Cir. 1992). . . . . . . . . . . . . . . . . . . 13

*Haberman v. Finch*, 418 F.2d 664 (2d Cir. 1969). . . . . . . . . . . . . . . . . . 27

*Hines v. United States*, 658 F. Supp. 2d 139 (D.D.C. 2009),
    *appeal dismissed as moot* (D.C. Cir. No. 08-5459 -
    Nov. 9, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18, 21, 23, 25-26

*Kokkonen v. Guardian Life Insurance Co. of America*,
    511 U.S. 375, 114 S. Ct. 1673 (1994). . . . . . . . . . . . . . . . . . . . . . . . 11

*Leining v. United States*,
    1996 WL 857913 (D. Conn. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 26

*McNeil v. United States*,
    78 Fed. Cl. 211 (Fed. Cl. 2007),
    *aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008). . . . . . . . . . . . . . . . . . . . 18

*Means v. United States*,
    176 F.3d 1376 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Miller v. United States*,
    66 F.3d 220 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Murphy v. I.R.S.*, 493 F.3d 170 (D.C. Cir. 2007). . . . . . . . . . . . . . . . . . 11

*Nordic Village*, 503 U.S. at 34,
    112 S. Ct. at 1014-1015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Roberts*, 219 B.R. 573 (Bkrtcy. D. Or. 1997). . . . . . . . . . . . . . . . . 21

*Schmiedigen v. Celebrezze*,
    245 F. Supp. 825 (D.D.C. 1965). . . . . . . . . . . . . . . . . . . . . . . . . 21, 27

*Soriano v. United States*, 352 U.S.
    270, 77 S. Ct. 268 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Cleveland*, 1994
    WL 411376 (N.D. Ill. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Dalm*, 494 U.S. 596,
    110 S. Ct. 1361 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. King*, 395 U.S. 1 (1969). . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Marsh*, 89 F. Supp. 2d at 1179. . . . . . . . . . . . . . . . 23, 25

*United States v. Mitchell*, 445 U.S. 535,
    100 S. Ct. 1349 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Mottaz*, 476 U.S. 834,
    106 S. Ct. 2224 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

-iv-

**Cases (continued):**                                        **Page(s)**

*United States v. National Bank of Commerce*,
  472 U.S. 713, 105 S. Ct. 2919 (1985). . . . . . . . . . . . . . . . . . . . . 20-21
*United States v. Nordic Village, Inc.*,
  503 U.S. 30, 112 S. Ct. 1011 (1992). . . . . . . . . . . . . . . . . . . . . . . 10
*Wachovia Bank, N.A. v. United States*,
  455 F.3d 1261 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 15

**Statutes:**

Internal Revenue Code (26 U.S.C.):
  § 6331(a). . . . . . . . . . . . . . . . . . . . . . . . . 6-9, 18, 20, 23, 25-26
  § 6331(a)(11)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
  § 6331(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 21
  § 6331(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
  § 6331(h)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
  § 6331(h)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24
  § 6331(h)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 25
  § 6334. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 27
  § 6334(a)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23, 25
  § 6334(a)(11)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
  § 6334(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
  § 6334(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 25
  § 6631(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
  § 7421(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
  § 7422. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
  § 7422(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
  § 7433. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 12-14, 19
  § 7433(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13
  § 7433(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14
  § 7433(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14
  § 7442. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. :
  § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  § 2107(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

-v-

**Statutes:** **Page(s)**

28 U.S.C.:
  § 2201(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

42 U.S.C.:
  § 402(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
  § 407.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 27
  § 407(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
  § 407(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Taxpayer Relief Act of 1997,
  Pub. L. 105-34, § 1024(a), 111 Stat. 788, 923.. . . . . . . . . . . 24

**Rules and Regulations:**

Fed. R. App. P:
  Rule 4(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rev. Rul. 55-210, 1955-1 C.B. 544.. . . . . . . . . . . . . . . . . . . . . . 6

Treasury Regulations (26 C.F.R.):
  § 301.6331-1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
  § 301.6331-1(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
  § 301.6334-2(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23
  § 301.6402-2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.6402-2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.6402-2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.6402-2(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.6402-3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.6402-3(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
  § 301.7433-1(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
  § 301.7433-1(e)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

-vi-

**Miscellaneous:**                                             **Page(s)**

H.R. Conf. Rep. No. 105-220 at 549 (1997), *reprinted in*
    1997-4 C.B. (vol. 2) 1457, 2019. . . . . . . . . . . . . . . . . . . . . . . . 24

I.R.M. §§ 5.11.7.2–5.11.7.2.1 (08-11-2011). . . . . . . . . . . . . . . . . . 24

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE SEVENTH CIRCUIT

———————————————————————

### No. 12-2560

## GARY D. BOWERS

### Plaintiff - Appellant

### v.

## UNITED STATES OF AMERICA, et al.

### Defendants - Appellees

———————————————————————

## ON APPEAL FROM THE JUDGMENT
## OF THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## (HONORABLE JAMES E. SHADID)

———————————————————————

## BRIEF FOR THE APPELLEES

———————————————————————

## JURISDICTIONAL STATEMENT

The appellant's jurisdictional statement is not complete and correct in all respects. A complete and correct statement is as follows:

On June 13, 2011, Gary D. Bowers (taxpayer) filed a complaint in the District Court seeking relief with respect to an IRS levy on his

-2-

Social Security retirement benefits.  (Doc. 1.)[1]  His complaint alleged that the court had jurisdiction under 26 U.S.C. § 7442, which confers jurisdiction on the United States Tax Court for certain tax disputes. (*Id*.)  After the District Court ordered taxpayer to state a "proper basis" for the court's jurisdiction, taxpayer alleged jurisdiction under 26 U.S.C. § 7433.  (Doc. 4.)  As explained below, in Argument I, the District Court lacked jurisdiction over taxpayer's complaint.

On May 22, 2012, the District Court issued an order dismissing taxpayer's complaint for failure to state a claim for relief, and, on May 24, 2012, the court entered judgment of dismissal.  (Docs. 25, 26.)  The judgment finally disposed of all of the issues as to all of the parties.

Taxpayer filed a notice of appeal on July 12, 2012, which was within 60 days after the court's entry of judgment and was therefore timely.  28 U.S.C. § 2107(b); Fed.R.App.P. 4(a)(1).  This Court's jurisdiction rests on 28 U.S.C. § 1291.

---

[1]  "Doc." references are to the documents comprising the original record on appeal, as numbered by the Clerk of the District Court.

-3-

## STATEMENT OF THE ISSUE

Whether the District Court had subject matter jurisdiction over taxpayer's complaint, and, if so, whether the District Court correctly concluded that taxpayer's complaint failed to state a claim for which relief could be granted.

## STATEMENT OF THE CASE

Taxpayer filed a complaint seeking (1) a declaration that the Internal Revenue Service (IRS) improperly had levied on his Social Security retirement benefits, (2) a refund of taxes withheld pursuant to the IRS's levy, and (3) an injunction against further such levies. The Government moved to dismiss the complaint on the ground that there was no waiver of sovereign immunity for purposes of taxpayer's action, and that his complaint failed to state a claim for relief. The District Court granted the Government's motion and entered a judgment of dismissal.

## STATEMENT OF FACTS

1. On or about May 3, 2010, the IRS served on the Social Security Administration (SSA) a Form 668-W, "Notice of Levy on Wages, Salary, and Other Income," thereby seizing a portion of taxpayer's Social

-4-

Security retirement benefits for the payment of his delinquent income tax liabilities. (Doc. 17 at 4.) The Form 668-W informed the SSA that it was required to "turn over" taxpayer's "income that you have now or for which you are obligated." (Doc. 15 at 90.) On May 11, 2010, the SSA sent taxpayer a letter to inform him of the IRS's levy. (Doc. 1, Attachment.) The SSA advised taxpayer that $1,107.80 had been withheld from the benefit payment that he was to receive at the beginning of June 2010, and that this same amount would be withheld from future monthly payments. (*Id.*)

On May 20, 2010, taxpayer wrote to the IRS's Taxpayer Advocate Service and to the IRS's national office in Washington, D.C., to protest the IRS's levy. (*Id.*) He asserted in his letters that the amount of the levy wrongly exceeded 15% of his monthly retirement benefit, that he was entitled to a return of amounts that had been collected in excess of this 15% limit, and that any future levies should not exceed a 15% limit. (*Id.*)

On June 13, 2011, taxpayer filed a complaint in district court seeking to enjoin further IRS levies in excess of 15% of his Social Security retirement benefit. (Doc. 1 at 3-4.) Additionally, he requested

-5-

a refund of all monies already collected to the extent they exceeded 15%
of his monthly benefit, plus interest on the refunded amounts.  (*Id*.)

The Government filed a motion to dismiss taxpayer's complaint.
(Doc. 14.)  In its motion, the Government argued that no 15% limit
applied to the levy on taxpayer's Social Security retirement benefit, but
that, in any event, the complaint should be dismissed because the
Government had not waived its sovereign immunity for purposes of
taxpayer's action.  (*Id*.)  The District Court issued an order granting the
Government's motion to dismiss the complaint.  (Doc. 25.)

2.  In its order, the District Court considered taxpayer's claim that
the amount that the IRS was permitted to levy was statutorily limited
to 15% of his monthly Social Security retirement benefit.  (Doc. 25 at 3.)
The court recognized that taxpayer's claim was based on the terms of
I.R.C. § 6331(h), which imposes a 15% cap on levies on certain specified
types of payments.  (*Id*.)

As the court first observed, "[a] levy is an administrative order
from the IRS seizing property belonging to a taxpayer in payment of an
outstanding tax liability."  (Doc. 25 at 3.)  The court noted that a levy is
generally a "one-time occurrence" that seizes property in existence at

-6-

the time the levy is served.  (*Id*.)  The court pointed out, however, that the IRS may impose a one-time levy in order to capture a future stream of payments "if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services."  (*Id*., citing Treas. Reg. § 301.6331-1; Rev. Rul. 55-210, 1955-1 C.B. 544.)  The court concluded that taxpayer's Social Security retirement benefits "represent[ed] a present, vested right to receive such benefits in fixed monthly payments for the rest of his life," and that the IRS's tax lien and levy could "attach to the entire stream of payments as a one-time levy pursuant to §§ 6331(a)-(b)."  (*Id*. at 4.)

The District Court rejected taxpayer's argument that any levy on a stream of payments must be made under I.R.C. § 6331(h), noting the court's conclusion in *Hines v. United States*, 658 Fed. Supp. 2d 139, 146-147 (D. D.C. 2009), that "Section 6331(h) does not *require* the Secretary [of the Treasury] to attach a continuous levy [under Section 6331(h)] even where the type of property might be eligible for one."  (*Id*. at 3-4.)  The court concluded that, "[a]s a one-time levy" on taxpayer's Social Security retirement benefits under I.R.C. § 6331(a), "the 15% cap on continuing levies under § 6331(h) is simply inapplicable."  (*Id*. at 4.)

-7-

Finding that taxpayer had failed to state a claim for relief, the District Court dismissed the complaint and entered judgment accordingly. (Doc. 25 at 4; Doc. 26.)

## SUMMARY OF ARGUMENT

The IRS levied on taxpayer's Social Security retirement benefits to collect his unpaid tax liabilities. Taxpayer brought suit, alleging that the levy was unlawful because it was in violation of I.R.C. § 6331(h), which imposes a 15% limit on the amount that the IRS may collect by means of levy on certain types of payments. Taxpayer requested a return of all amounts collected in excess of 15% of his retirement benefits, and an order requiring the IRS to cease any future levies in excess of 15% of those benefits. The District Court concluded that the IRS's levy in this case was authorized under I.R.C. § 6331(a), and that it thus was not subject to the 15% limit set out in I.R.C. § 6331(h). The court dismissed taxpayer's complaint for failure to state a claim for which relief could be granted.

Taxpayer's suit, however, could have been dismissed for lack of jurisdiction. He failed to establish that any statutory waiver of the Government's sovereign immunity permitted his action before the

-8-

District Court. He claimed to have suffered damage as a result of the
IRS's levy, but he did not allege any actual damages as required by
I.R.C. § 7433, and he also failed to show that he exhausted his
administrative remedies prior to bringing suit. To the extent that
taxpayer attempted to recover amounts collected by the IRS, his action
essentially was one for a tax refund, but he failed to satisfy the
conditions for the Government's waiver of sovereign immunity to
permit such actions. Further, the Declaratory Judgment Act and the
Anti-Injunction Act, respectively, are jurisdictional bars to his requests
for a declaration that the IRS's levy was unlawful and an order barring
future levies. Taxpayer thus failed to establish any grounds for the
District Court to assume jurisdiction over his complaint.

In any event, taxpayer has shown no error in the IRS's levy on his
Social Security retirement benefits. Section 6331(a) generally
authorizes the IRS to levy on property and rights to property.
Taxpayer argues that the IRS could not levy on his Social Security
retirement benefits under this provision, because, according to him, his
continuing receipt of such benefits is not a "right to property" within
the meaning of I.R.C. § 6331(a). He claims that the only statutory

authorization for a continuous levy on his Social Security retirement benefits is found in I.R.C. § 6331(h), which limits the amount of levies falling under that provision to 15% of the payments being levied.

It has long been recognized, however, that the IRS may levy on Social Security retirement benefits under I.R.C. § 6331(a). And the courts generally have concluded, moreover, that I.R.C. § 6331(h) provides an additional, but not exclusive, method of collection from certain periodic payments to a taxpayer. Taxpayer is simply wrong in arguing that a levy authorized by I.R.C. § 6331(h) was the only method by which the IRS could levy on his Social Security retirement benefits. The levy here was made pursuant to I.R.C. § 6331(a), and was not limited by the 15% restriction found in I.R.C. § 6331(h).

The District Court's judgment should be affirmed.

-10-

## ARGUMENT

**The District Court correctly dismissed taxpayer's action seeking to limit to 15% a levy on his Social Security benefits and a return of amounts already levied to the extent they exceeded the 15% limitation**

### A.    The United States has not waived its sovereign immunity for purposes of taxpayer's suit

The United States cannot be sued except in strict accordance with the terms of a specific waiver of sovereign immunity granted by Congress. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014-1015 (1992); *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990). Where the United States has not waived its sovereign immunity by consenting to suit, the court lacks jurisdiction over the United States, and the action against it must be dismissed. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980).

Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Such waivers are strictly construed in favor of the United States. *Nordic Village*, 503 U.S. at 34, 37, 112 S. Ct. at 1014-1015, 1016; *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). "A party

-11-

bringing a cause of action against the federal government bears the

burden of showing an unequivocal waiver of immunity." *Baker v.*

*United States*, 817 F.2d 560, 562 (9th Cir. 1987).  Unless the plaintiff

demonstrates that the suit falls within the unequivocally expressed

terms of a statutory waiver of sovereign immunity, the suit must be

dismissed. [2]  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377, 114 S. Ct. 1673, 1675 (1994).

"'When the United States consents to be sued, the terms of its

waiver of sovereign immunity define the extent of the court's

jurisdiction.'" *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331,

1335 (11th Cir. 2006) (quoting *United States v. Mottaz*, 476 U.S. 834,

841, 106 S. Ct. 2224, 2229 (1986)).  "[T]he terms upon which the

---

[2]  The fact that taxpayer named the Commissioner of Internal
Revenue as a defendant in addition to the United States does not
render the doctrine of sovereign immunity inapplicable.  "In sovereign
immunity analysis, any lawsuit against an agency of the United States
or against an officer of the United States in his or her official capacity
is considered an action against the United States." *Balser v.*
*Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th
Cir. 2003).  The proper party in actions in federal district court
involving federal taxes is the United States.  *See Blackmar v. Guerre,*
342 U.S. 512, 515, 72 S. Ct. 410, 412 (1952); *Murphy v. I.R.S.*, 493 F.3d
170, 174 (D.C. Cir. 2007); *Beneficial Consumer Discount Co. v.*
*Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995).

-12-

Government consents to be sued must be strictly observed" and "strictly construed." *Ctr. for Biological Diversity*, 453 F.3d at 1334, 1335 (internal quotation marks and citation omitted). *See Block v. North Dakota*, 461 U.S. 273, 287, 103 S. Ct. 1811, 1819-1820 (1983); *Soriano v. United States*, 352 U.S. 270, 276, 77 S. Ct. 268, 273 (1957). "[E]xceptions thereto are not to be implied." *Ctr. for Biological Diversity*, 453 F.3d at 1335 (internal quotes omitted).

Taxpayer maintained that the District Court had jurisdiction over his action under I.R.C. § 7433 (Doc. 4), but he did not satisfy the conditions imposed on the Government's waiver of sovereign immunity for purposes of such a suit. Sovereign immunity is waived for a damages suit against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." I.R.C. § 7433(a). Damages are limited to the "actual, direct economic damages" sustained by the taxpayer "as a proximate result of" the wrongful actions, I.R.C. § 7433(b)(1), and exhaustion of administrative remedies is a

-13-

prerequisite to suit, I.R.C. § 7433(d)(1).  The waiver of sovereign immunity in I.R.C. § 7433, as with all such waivers, must be read narrowly.  *See Allied/Royal Parking, L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999); *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995); *Gonsalves v. IRS*, 975 F.2d 13, 14 (1st Cir. 1992).

The waiver of sovereign immunity in I.R.C. § 7433 is with respect to "a civil action for *damages*."  I.R.C. § 7433(a) (emphasis added).  It does not waive sovereign immunity for a suit for refund.  Taxpayer has not requested damages, and has not alleged that he incurred any of the "actual, direct economic damages," I.R.C. § 7433(b)(1), that are compensable in a suit under this provision.  Although he asserts (Br. 11) that he was "damaged" by the IRS's levy on what he claims is his "subsistence," he does not allege any claim for damages within the meaning of I.R.C. § 7433.

Further, relief under I.R.C. § 7433 is barred if the taxpayer has failed to exhaust administrative remedies.  I.R.C. § 7433(d)(1). Taxpayer asserts (Br. 9, 10) that he exhausted his administrative remedies, but the record demonstrates that this claim is incorrect.  To exhaust his administrative remedies, a taxpayer must file an

-14-

administrative claim that includes a description of the injuries
allegedly incurred, the dollar amount of the claim, and his taxpayer
identification number, telephone numbers, and convenient times at
which to contact him.  Treas. Reg. § 301.7433-1(e)(2).  The letter
attached to taxpayer's complaint does not contain this information.  *See*
Doc. 1, Attachment. And, as the letter makes clear (*id*.), it was not sent
to the correct office of the Internal Revenue Service.  *See* Treas. Reg.
§ 301.7433-1(e)(1) (requiring administrative claim to be sent to "the
Area Director, Attn:  Compliance Technical Support Manager of the
area in which the taxpayer currently resides").  Thus, the letter
taxpayer sent to the Taxpayer Advocate Service and to the IRS's
Washington office does not satisfy the requirements of I.R.C.
§ 7433(d)(1).  *See Chocallo v. United States*, 299 Fed. Appx. 112, 116,
2008 WL 4813088, at *3 (3d Cir. 2008) (letter that "sought merely the
payment of a tax refund and the cancellation of tax levies and did not
demand the payment of damages or otherwise set forth a § 7433 claim"
did not satisfy § 7433(d)(1).)

-15-

Although taxpayer did not expressly request a refund of taxes, his prayer for a "refund [of] all those monies taken in excess of 15% of each and every benefit check" (Doc. 1 at 4) constituted what was, in effect, a complaint seeking a refund of taxes.  The Government waives its sovereign immunity from tax refund suits only upon a taxpayer's full payment of the tax and his filing of a proper administrative claim for a refund.  I.R.C. § 7422(a); *Flora v. United States*, 357 U.S. 63, 68, 78 S. Ct. 1079, 1082 (1958); *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006).  Taxpayer does not argue that he fully paid the tax that the IRS is seeking to collect, and his request that the IRS "discontinue any and all levies" in excess of 15% (Doc. 1 at 4) suggests that he has not done so.

Further, taxpayer's complaint makes it clear that he did not file a proper claim for refund as required by I.R.C. § 7422(a), which provides, in pertinent part, that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

-16-

The requirements for a claim for refund are detailed in Treas. Reg. §§ 301.6402-2 and 301.6402-3.

Taxpayer's letter to the Taxpayer Advocate's Office and to the IRS's Washington office "demand[ed]" that the IRS return certain amounts collected from him by levy, but this letter by no means constituted a proper claim for refund, as defined by the Code and regulations.  The letter did not include a statement of the grounds and facts supporting the claim that was "verified by a written declaration that it is made under the penalties of perjury," as required by Treas. Reg. § 301.6402-2(b).  Indeed, taxpayer's letter did not identify the type of tax or tax year in issue.  Although he identified the amounts that he claims were wrongfully levied, *i.e.*, amounts in excess of 15% of his monthly Social Security retirement benefit, he did not identify any legal or factual grounds justifying a refund of those amounts. [3]

---

[3]  In addition, the letter did not enclose the proper form for a claim for refund.  *See* Treas. Reg. § 301.6402-2(c) (Form 843 is proper form for claim for refund of tax other than income tax); Treas. Reg. § 301.6402-3(a)(2) (Form 1040X is proper form for claim for refund of individual income tax).  And taxpayer did not allege that he sent a claim for refund to the proper office identified in the regulation.  *See* Treas. Reg. § 301.6402-2(a)(2) (generally requiring claim for refund to be "filed with

(continued...)

-17-

**B.   Injunctive and declaratory relief are barred, as a jurisdictional matter, by the Anti-Injunction Act and the Declaratory Judgment Act**

Suits seeking injunctions relating to taxes are barred by the Anti-Injunction Act, I.R.C. § 7421(a), which provides that, with exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  The purpose of I.R.C. § 7421(a) is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 7 (1962).  The absolute language of the statute "could scarcely be more explicit" and the statute is strictly enforced.  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974).

A limited judicial exception to the Anti-Injunction Act, set forth in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 7 (1962), applies if the taxpayer establishes that (1) under no circumstances could

─────────────

[3](...continued)
the service center serving the internal revenue district in which the tax was paid.").

-18-

the Government prevail on the merits of the case, and (2) there is a basis for equity jurisdiction due to a threat of irreparable injury for which the taxpayer has no adequate legal remedy.  Taxpayer cannot show that the United States has no possibility of prevailing.  In fact, quite the opposite appears to be true.  Taxpayer contends that the IRS may not levy in excess of 15% of his social security benefit.  (Br. 11-22; Doc. 1.)  Multiple courts have held that no such limitation applies in the case of a levy made pursuant to I.R.C. § 6331(a), as was the case here.  *See Hines v. United States*, 658 F. Supp. 2d 139, 146-47 (D.D.C. 2009), (citing *Duran v. IRS*, 2009 WL 700518, at *3-4 (E.D. Cal. 2009) and *Beam v. United States*, 2007 WL 1674083, at *1 (D. Or. 2007)), *appeal dismissed as moot* (D.C. Cir. No. 08-5459 – Nov. 9, 2009); *McNeil v. United States*, 78 Fed. Cl. 211, 227 n.24 (Fed. Cl. 2007), *aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008).

Furthermore, taxpayer cannot show that he had no alternative available remedy.  To the extent that he seeks a refund, he could pay his unpaid tax liability, file a proper claim for refund, and bring suit under I.R.C. § 7422.  The availability of a refund suit prevents a taxpayer from satisfying the irreparable injury requirement.  *Bob Jones Univ.*, 416

-19-

U.S. at 746-47.  And he could also sue for damages under I.R.C. § 7433 if, as described above, he alleged that the IRS's levy caused him actual damages, and if he exhausted his administrative remedies prior to bringing suit.

To the extent that taxpayer sought a declaratory judgment (*see* Doc. 1), his claim was barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which, with exceptions not applicable here, bars suits for declaratory judgment "with respect to Federal taxes."  Thus, taxpayer's claims in this case for injunctive and declaratory relief were barred.[4]

---

[4]  In *Enax v. Commissioner*, 2012 WL 1868869 (11th Cir. 2012), the Eleventh Circuit addressed a case very similar to this one, and concluded that the district court lacked subject matter jurisdiction over the taxpayer's complaint.  There, the taxpayer alleged that the IRS was wrongfully levying on more than 15% of his Social Security retirement benefits.  He requested a finding that the levy was unlawful, and sought orders requiring the IRS to return the excess collections and to cease the allegedly excessive levy.  The district court in that case concluded that the IRS's levy was authorized by law, and dismissed the complaint for failure to state a claim for relief.  The court of appeals took a different approach, holding that the district court lacked subject matter jurisdiction, because the taxpayer had not alleged a damages claim within the meaning of I.R.C. § 7433, the Government had not waived its sovereign immunity for purposes of a tax refund suit, and

(continued...)

-20-

**C.     Assuming that the District Court had jurisdiction, it correctly concluded that the complaint failed to state a claim for which relief could be granted, because taxpayer's contention that the IRS is prohibited from levying on social security payments in excess of 15% is wrong as a matter of law**

Section 6331(a) of the Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person." The Supreme Court has held that the language of I.R.C. § 6331(a) "'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" *Drye v. United States*, 528 U.S. 49, 56, 120 S. Ct. 474, 480 (1999) (quoting *United States v.*

---

[4](...continued)
injunctive and declaratory relief were barred by the Anti-Injunction Act and the Declaratory Judgment Act.  The Eleventh Circuit vacated the court's judgment and remanded for a dismissal for lack of jurisdiction. If this Court agrees that there was no basis for the District Court to assume jurisdiction here, the course of action taken by the Eleventh Circuit would be appropriate.

-21-

*National Bank of Commerce*, 472 U.S. 713, 719-720, 105 S. Ct. 2919, 2924 (1985)).

Generally, a levy extends only to property possessed and obligations which exist at the time of the levy. I.R.C. § 6331(b); Treas. Reg § 301.6331-1(a)(1). The term "property," however, includes present rights to future payments. *Cf. In re Connor*, 27 F.3d 365, 366 (9th Cir. 1994) (right to future pension payments is property subject to IRS lien); *Fried v. New York Life Ins. Co.*, 241 F.2d 504 (2d Cir. 1957) (disability payments to be received in the future are "property"). A Social Security annuitant possesses a present right to future payments. 42 U.S.C. § 402(a); *Hines v. United States*, 658 F. Supp. 2d at 146-47; *Schmiedigen v. Celebrezze*, 245 F. Supp. 825, 827 (D.D.C. 1965). That right is "property," *Director, Off. of Workers' Comp. Programs, U.S. Dept. of Labor v. Ball*, 826 F.2d 603, 606 (7th Cir. 1987), and is subject to levy for the collection of federal taxes, *In re Roberts*, 219 B.R. 573 (Bkrtcy. D. Or. 1997) ("right to receive future Social Security benefits constitutes a property interest attachable by a federal tax lien"); *Hines*, 658 F. Supp. 2d at 146; *Cleveland v. Sec'y of Health and Human Services*, 1993 WL 321755, at *4 (N.D. IL. 1993).

-22-

That Social Security retirement benefits are subject to tax levy is confirmed by the statutory scheme, which generally exempts Social Security benefit payments from levy, 42 U.S.C. § 407(a), but provides that this exemption may be overridden by express reference in another statute, 42 U.S.C. § 407(b).  Section 6334(c) of the Code constitutes such a reference, providing that, "[n]otwithstanding any other law of the United States (*including section 207 of the Social Security Act [codified at 42 U.S.C. § 407]*), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)" (emphasis added).  Section 6334(a) does not exempt Social Security retirement benefits from levy.  *Beam*, 2007 WL 1674083, at *1 (D. Or. 2007).  *See* I.R.C. § 6334(c).

The IRS may levy on 100% of an individual taxpayer's wages, salary or other income to the extent that these wages, salary, or other income exceed the standard deduction and personal exemptions.  I.R.C. § 6334(a)(9), (d).  *See also* Treas. Reg. § 301.6334-2(c)(1) (permitting the IRS to levy on up to 100% of a delinquent taxpayer's income from one source, provided that the taxpayer's other income is equal to or greater than the amount exempt under I.R.C. § 6334(a)(9) and (d).)  This rule

-23-

applies to a federal tax levy on Social Security retirement benefits.

I.R.C. § 6334(a)(9); Treas. Reg. § 301.6334-2(c)(1); *Hines,* 658 F. Supp.

2d at 145; *cf. United States v. Marsh*, 89 F. Supp. 2d at 1179.

Taxpayer asserts, however, that an IRS levy on his Social Security

retirement benefits must be limited to 15% of those amounts.  He relies

on I.R.C. § 6331(h), which provides, *inter alia*, that "[i]f the Secretary

approves a levy under this subsection," the levy shall be continuous and

"[n]otwithstanding section 6334 . . . shall attach to up to 15 percent of

any specified payment due to the taxpayer."  I.R.C. § 6331(h)(1).  The

term "specified payment" includes "any Federal payment other than a

payment for which eligibility is based on the income or assets (or both)

of a payee" and "any payment described in paragraph (4), (7), (9), or (11)

of section 6334(a)."  I.R.C. § 6331(h)(2)(A) & (B).  Social Security

retirement benefits are among the "specified payments" covered by

-24-

I.R.C. § 6331(h).[5]  *See* I.R.C. § 6331(h)(2)(A); H.R. Conf. Rep. No. 105-220 at 549 (1997), *reprinted in* 1997-4 C.B. (vol. 2) 1457, 2019.

Taxpayer's reliance on the alleged exclusivity of I.R.C. § 6331(h) misperceives the statute's significance.  Section 6331(h) was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, § 1024(a), 111 Stat. 788, 923.  *See also* H.R. Conf. Rep. 105-220 at 549 ("Social Security payments, which are subject to levy under present law, would become subject to continuous levy" under I.R.C. § 6631(h)).  The statute provided a new collection option for the IRS to levy on a stream of payments, and made certain "specified payment[s]" subject to levy even though they had previously been exempt.  For example, supplemental Social Security payments for the aged, blind, and disabled were exempt from levy under I.R.C. § 6334(a)(11)(A), but they were identified in I.R.C. § 6331(h)(2)(B) as "specified payment[s]"

_____

[5]  The Federal Payment Levy Program ("FPLP") was created to manage continuing levies on federal payments under I.R.C. § 6331(h).  I.R.M. §§ 5.11.7.2--5.11.7.2.1 (08-11-2011).  Under the FPLP, the seizure order is input into the federal computer system, and the targeted funds are diverted to the IRS electronically.  *Id.*  Paper notices (such as the Form 668-W that was served on the SSA in this case) are not issued to the government subdivisions involved when a levy is made under the FPLP, *i.e.*, under I.R.C. § 6331(h).  *Id.*

-25-

that were subject to levy.  Such payments therefore became subject to levy by virtue of I.R.C. § 6331(h), but any levy was limited to 15% of each payment.  While I.R.C. § 6331(h) expanded the IRS's ability to levy on certain types of payments, however, nothing in the statute curtailed the IRS's existing ability to levy under I.R.C. § 6331(a).  *Hines*, 658 F. Supp. 2d at 146 (I.R.C. § 6331(h) enacted "to permit levies both on wages and 'wage replacements;'" it did not "limit the IRS's existing rights to attach levies").

As the district court in *March* explained the continuing applicability of I.R.C. § 6331(a):

> [The taxpayer] reads the words "notwithstanding section 6334" in section 6331(h) as eliminating the right of the IRS to levy amounts exceeding the "minimum exemption" referred to in section 6334(a)(9).  According to [the taxpayer], section 6331(h) now limits any continuous levy on wages, salary, and other income to 15 percent of the wages, salary, and other income.  This reading makes a nullity of 26 U.S.C. § 6334(d), which calculates the exempt amount listed in section 6334(a)(9).  The court declines to read section 6331(h) as repealing provisions not expressly repealed.  Instead, the court reads section 6331(h) as expanding the right of the IRS to levy amounts previously exempt from levy under section 6334.  This reading gives effect to all of the statutory provisions in issue.

89 F. Supp. 2d at 1179.  Other courts also have recognized that I.R.C.

-26-

§ 6331(a) continues to authorize levies upon Social Security retirement

benefits, even though I.R.C. § 6331(h) also provides such authorization.

*See Hines*, 658 F. Supp. 2d at 146-47; *Beam*, 2007 WL 1674083, at *1

("Social Security retirement benefits are not exempt from levy or subject

to the limitations on continuous levy for specified payments").  *But see*

*In re Anderson*, 250 B.R. 707, 710 (Bkrtcy. D. Mont. 2000). [6]

Taxpayer maintains that his continuing receipt of Social Security

retirement benefits does not constitute a "right to property," and that

I.R.C. § 6331(a) therefore does not authorize a levy on those payments.

(Br. 15-22.)  Taxpayer is wrong.  Courts have long held that Social

Security retirement benefits are subject to IRS levy under I.R.C.

§ 6331(a).  *See, e.g., Leining v. United States*, 1996 WL 857913 *2 (D.

Conn. 1996); *United States v. Cleveland*, 1994 WL 411376 *3 (N.D. Ill.

1994); *Bonetti v. Dept. of the Treasury*, 1990 WL 155619 *1 (S.D. N.Y.

---

[6] The Bankruptcy Court in *Anderson* concluded that a levy on Social Security retirement benefits is subject to the 15% limit of I.R.C. § 6331(h), but, as the District Court in *Enax* characterized the *Anderson* decision (2012 WL 8150645, at *1), it was "limited" in its rationale and "based on a single, unexplained quote within the legislative history."

-27-

1990); *Schmiedigen v. Celebrezze*, 245 F. Supp. at 827. [7]  In doing so,

they correctly read the statutory scheme set out in 42 U.S.C. § 407 and

I.R.C. § 6334.

_____

[7] Taxpayer asserts that the district court in *Schmeidigen,* and the Second Circuit in *Haberman v. Finch*, 418 F.2d 664 (2d Cir. 1969), "recognized" that a recipient of Social Security retirement benefits has no "vested right in future benefit payments." (Br. 18.)  Taxpayer acknowledges, however, that both courts characterized such benefits as something other than mere "gratuities," and concluded that survivors' benefits were available to parties who did not fall within the governing statutes and regulations because the benefits essentially were those due to "insured wage earners."  *Haberman*, 418 F.2d at 667 (discussing the court's holding in *Schmeidigen*).  The courts' language concerning "vested" rights in no way supports taxpayer's claim that his entitlement to receive future Social Security retirement benefits is not a property right that may be levied upon under I.R.C. § 6331(a).

-28-

## CONCLUSION

The judgment of the District Court should be affirmed.[8]

Respectfully submitted,

KATHRYN KENEALLY
  *Assistant Attorney General*

/s/ Teresa T. Milton

JONATHAN S. COHEN        (202) 514-2970
TERESA T. MILTON          (202) 514-2947
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Teresa.T.Milton@usdoj.gov*
  *Appellate.taxcivil@usdoj.gov*

*Of Counsel:*
JAMES A. LEWIS
 *United States Attorney*

OCTOBER 2012

_____

[8] As noted in footnote 4, *supra*, however, a remand with directions to dismiss for lack of jurisdiction (as opposed to failure to state a claim) would be appropriate if this Court agrees with our argument that the trial court lacked subject matter jurisdiction.

-29-

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[X]    this brief contains 5, 656 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ]    this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]    this brief has been prepared in a proportionally spaced typeface using WordPerfect X3 in 14-pt. Century Schoolbook, *or*

[ ]    this brief has been prepared in a monospaced typeface using WordPerfect 10.0 with [*state number of characters per inch and name of type style*].

/s/ Teresa T. Milton
TERESA T. MILTON

Attorney for Appellees

-30-

# CERTIFICATE OF SERVICE

It is hereby certified that, on this 11th day of October, 2012, this brief was filed with the Clerk of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system and fifteen paper copies were sent to the Clerk by First Class Mail.  Service of this brief was made on the appellant, who is appearing pro se, on this 11th day of October, 2012, by sending him one paper copy by First Class Mail in an envelope properly addressed as follows:

> Mr. Gary D. Bowers
> P.O. Box 502
> Pekin, IL 61555

It is further certified that: (1) all required privacy redactions have been made; and (20) the ECF submission was scanned for viruses with the Trend Micro OfficeScan 8.0 antivirus program (update daily), and, according to the program, is free of viruses.

> s/ Teresa T. Milton
> TERESA T. MILTON
> Attorney for the Appellees