15 copies
Dist

No. 11-1224     12-2650

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

DATE OF DECISION

GARY D. BOWERS,                    DEC 20 2012

Appellant

v.

UNITED STATES OF AMERICA,          U.S.C.A. – 7th Circuit
                                   FILED

Appellee                           FEB 06 2013 JK

                                   GINO J. AGNELLO
                                   CLERK

MOTION FOR REHEARING, OPINION FILED DECEMBER 20, 2012

COMES NOW Gary D. Bowers, Appellant *pro se*, and moves this Court to

rehear this matter pursuant to the provisions of Federal Rule of Appellate

Procedure Rule 35 and/or Rule 40.   The Court's Decision was entered

December 20, 2012.   As such, this Motion for Rehearing is filed timely, in

keeping with the requirements of Rule 40 of the Federal Rules of Civil

Procedure ("FRCP") and local rules.

The Court's ORDER appears to be based upon three premises:

1.      In seeking an administrative remedy for takings from his Social
        Security benefit checks, "*Bowers did not send his letter to the
        correct IRS office,*" so as to fulfill the minimum requirements of 26
        CFR § 301-7433-1.

2.   Bowers failed to give the IRS fair notice of the specific law that was violated and therefore failed to exhaust his administrative remedies in keeping with Treas.Reg. § 301.7433-1(e)(1) – hence, he did not overcome the IRS' sovereign immunity defense.

3.   Bowers cannot show success is certain because four federal district courts have found that there is no 15% cap mandated by Congress in IRC § 6331(h) where retirement benefits are concerned, be they derived from private pension funds or the Social Security Administration.

This Court should reconsider these three underpinnings of its ORDER

for the reasons indicated hereinafter.

## I.

This Court stated in its ORDER:

*First, Bowers did not send his letter to the correct IRS office. See* <u>Hoogerheide v. IRS</u>, *637 F.3d 634, 639 (6th Cir. 2011);* <u>Kuhl v. U.S.,</u> *467 F.3d 145, 148 (2nd Cir. 2006). He rightfully notes the IRS' regulation refers anachronistically to the office of the "Area Director" – an office that no longer exists. Therefore, he explains, he mailed his letter to two IRS affiliated offices that he thought would suffice. But the IRS has published a notice referring to taxpayers to the agency's website, which lists the updated address that taxpayers must use.*

However, in *Hoogerheide* the 6th Circuit merely said:

*None of the letters from Hoogerheide or Hoogerheide's counsel are addressed to "the Area Director, Attn: Compliance Technical Support Manager of the area in which" Hoogerheide "resides". ... Hoogerheide claims that he substantially complied with the exhaustion requirement. But the existence of such an exception seems doubtful in view of the specificity of the Treasury regulation ....*

The 6th Circuit never considered the obsolescence of the regulations

implementing IRC § 7433. This Court did, however, acknowledge that the IRC implementing regulation is "anachronistic" yet seems to indicate that this deficiency is cured by IRS publications which specify new authorities, offices and mailing addresses than what the obsolete Treasury Regulation § 301.7466-1(e)(1) provides for. More elaboration would be helpful to explain this determination – how an obsolete implementing regulation can be brought up-to-date via administrative publications.

This Court also referenced the 2nd Cir. in *Kuhl* where that Court acknowledged the importance of exhausting administrative remedies regarding a different regulation (26 CFR § 301.7430-1) in the context of a bankruptcy case. Unfortunately, the 2nd Circuit it did not address the implications of the obsolescence of a regulation and does not seem applicable here.

It should be noted that the regulation in question here – Treasury Regulation § 3013.7433-1 has been obsolete for fourteen years. Nevertheless, it has been long recognized that no publication or posting of a website can rise to the level of a *bona fide* regulation.

Yet Bowers, due to the absence of a proper implementing regulation, was effectually denied an administrative remedy through no fault of his

own.[1] Indeed, prior to 1935, much of the internal documentation of federal agencies, as well as regulations promulgated by federal agencies to administer and enforce a variety of federal statutes, was not published and generally made available to the American public, notwithstanding the fact that such documentation and regulations purported to impose mandatory obligations. The first act which commanded the publication of agency requirements which affected the public was the Act of July 26, 1935, 49 Stat. 500, ch. 417; this act created the Federal Register and compelled federal agencies to publish therein agency orders and regulations (see §§ 4 and 5 of the act). To ensure agency compliance with the act's requirements, § 7 provided as follows:

> *"No document required under section 5(a) to be published in the Federal Register shall be valid as against any person who has not had actual knowledge thereof."*

An expansion of items required to be published in the Federal Register occurred as a result of the enactment of the Administrative Procedure Act; see Act of June 11, 1946, 60 Stat. 237, ch. 324. An important definition within this act was the following contained in § 2:

> *"(c) Rule and rule making. -- 'Rule' means the whole or any part of any agency statement of general or particular applicability and future*

---

[1]    The Court stated: "*But the IRS has published a notice referring taxpayers to the agency's website, which lists the updated address that taxpayers must use. I.R.C. Notice 2010 − 53, 2010 − 31 IRB 182....*

*effect designed to implement, interpret, or prescribe law or policy or to describe the organization, procedure, or practice requirements of any agency...."*

Section 3 of the act commanded that the following types of agency "rules" be published within the Federal Register:

*"(a) Rules. Every agency shall separately state and currently publish in the Federal Register (1) descriptions of its central and field organization including delegations by the agency of final authority and the established places at which, and methods whereby, the public may secure information or make submittals or requests; (2) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal or informal procedures available as well as forms and instructions as to the scope and contents of all papers, reports, or examinations; and (3) substantive rules adopted as authorized by law and statements of general policy or interpretations formulated and adopted by the agency for the guidance of the public, but not rules addressed to and served upon named persons in accordance with law. No person shall in any manner be required to resort to organization or procedure not so published."*

Further, the act established a certain method whereby agencies were to publish in the Federal Register proposed and final agency rules and were to accord public hearings in reference thereto. The well known requirements that federal agencies provide adjudication of certain contested matters, subject to judicial review, was established for the first time in this act. Section 9 of the act provided as follows:

*"No sanction shall be imposed or substantive rule or order be issued except within jurisdiction delegated to the agency and as authorized by law."*

The benefits to the American public derived from the adoption of this act are many. For example, without the requirement to publish statements of the agency's organization, a party would not know, as a matter of law, what part of an agency was the proper unit or division responsible for the resolution of a particular problem, what part of an agency had enforcement authority, or what part of an agency was designated to receive "submittals" required of the public.

As such, it is similarly improper to penalize Bowers for regulatory deficiencies over which he has no control. And again, the IRS had about 14 years to correct these deficiencies.

## II.

In this particular case, this Court stated:

> *After the IRS began its levy, Bowers wrote to a local Taxpayer Advocate Service and to the IRS office in Washington, DC. He demanded the return of the portion of the levies above the 15% threshold. He did not cite any provision of law that required the IRS to abide by a 15% cap.*

This Court asserts Bowers failed to give the IRS fair notice of the law that was violated, and therefore failed to exhaust his administrative remedies – hence, he did not overcome the IRS' sovereign immunity defense. The Court acknowledges that Bowers set forth his complaint in his letter seeking an administrative remedy, that he did complain of the IRS taking more than

15% of his Social Security benefit checks, but his letter was defective because it did not cite with particularity the law that the IRS was breaking when taking more than 15% of his benefit checks, citing *U.S. v. Oestreich*, 286 F.3d 1026, 1028 (7th Cir, 2002). The pertinent part of that case states:

> *George's claim did not assert that any officer or employee of the IRS had ever recklessly or intentionally disregarded any provision of the law or a regulation or that damage resulted. The only accusation of anyone was that Congress had perpetrated fraud, coercion and fear. It was a nullity even as a claim for damages. We conclude that it was error to include the $1,000,000 as a claimed refund and therefore a tax loss.*

In Oestreich, the claim consisted of unparticularized accusations of fraud, coercion and fear perpetrated by Congress. Bowers made no such wild allegations. He pointed out that the IRS was taking more than 15% of his benefit checks which the law had forbidden. As such, this case is inapposite.

This Court also refers to *Nick's Cigarette City, Inc. v. U.S.*, 479 F.3d 522 (7th Cor. 2008). While this 7th Circuit did state that the Appellant failed to comply with the specificity requirements of a different regulation pertaining to refund suits, the Court did not say that this failure was the result of citing a particular statute.

It is also known that as a *pro se* litigant, Bowers is held to lest strict standards than a seasoned attorney in his pleadings. See e.g., *Haines v.*

*Kerner*,  303 U.S. 519 (1972).  This principle should also be applicable to the present case, where Bowers did not get into a lengthy legal analysis of why the IRS may not take more than 15% of his Social Security benefit checks.  More significantly, the IRS officials can be expected to know what the law requires themselves.  It is the job of IRS employees to know the Internal Revenue Code.

In *Screws v. United States*, 325 U.S. 91 (1945), the United States Supreme Court even stated:

> *Generally, state officials know something of the individual's basic legal rights. If they do not, they should, for they assume that duty when they assume their office. Ignorance of the law is no excuse for men in general. **It is less an excuse for men whose special duty is to apply it, and therefore to know and observe it**. If their knowledge is not comprehensive, state officials know, or should know, when they pass the limits of their authority, so far, at any rate, that their action exceeds honest error of judgment and amounts to abuse of their office and its function. When they enter such a domain in dealing with the citizen's rights, they should do so at their peril, whether that be created by state or federal law. For their sworn oath and their first duty are to uphold the Constitution, then only the law of the state, which, too, is bound by the charter. Since the statute, as I think, condemns only something more than error of judgment, made in honest effort at once to apply and to follow the law,* cf. United States v. Murdock, 290 U. S. 389, *officials who violate it must act in intentional or reckless disregard of individual rights, and cannot be ignorant that they do great wrong.* [Bold emphasis added]

As such, it is reasonable to conclude that Bowers did comply with the requirement that he set forth the grounds of his claim in reasonable detail, even giving the dollar amount of the claim.

## III.

It is also asserted that Bowers cannot demonstrate any certainty of success. The Court states this thusly:

> Bowers cannot demonstrate the "certainty of success" that would allow him to elude the Anti-Injunction Act's otherwise categorical bar on suits "for the purpose of restraining the assessment or collection" of taxes. * * * Success is not "certain" because at least four federal district courts ...have already ruled that the 15% cap of § 6331(h) does not diminish the IRS' power to levy 100% of assets under§ 6331(a)....

However, as Bowers has shown in his briefs to this Court, this district dicta mostly arose from cases where the levied retirement benefits were fixed and akin to an insurance policy. In contradistinction, the United States Supreme Court has stated repeatedly that Social Security retirement benefits are not a right, but rather, a privilege. Indeed, the amount which a recipient receives is capable of being altered at any time by the whim of Congress. This distinguishes Social Security benefits from private retirement funds. Virtually none of the cited case law is applicable to this case, save the dicta of one case that erroneously equates Social Security benefit checks with a right, which the Supreme Court has repeatedly stated it is not. Since Social Security benefit checks are not fixed, the 15% levy cap is applicable, as fully argued by Bowers.

WHEREFORE, Plaintiff/Appellant prays that this Court reconsider its Decision of December 20, 2012; and REMAND this case back to the United States District Court for the Northern District of Illinois, ordering the district court to:

1.    FIND that the District Court for the Middle District of Illinois erred when it found that it did not have subject matter jurisdiction over this controversy; and,

2.    DECIDE that the District Court for the Middle District of Illinois did indeed have subject matter jurisdiction pursuant to the provisions of Title 26 U.S.C. § 7433, in that pursuant to an Act of Congress, sovereign immunity has been waived.

3.    Appellant further requests that this Court REMAND this case back to the United States District Court for further proceedings, so that it may hear this case in keeping with the provisions of Title 26 U.S.C. § 7433, i.e., in recognizing its subject matter jurisdiction.

Respectfully submitted this 2nd day of February, 2013.

Gary D. Bowers
P. O. Box 502
Pekin, Illinois  61555

## CERTIFICATE OF SERVICE

I, James Kerr, who is over the age of 21, do hereby certify that 15 copies of the above brief was mailed to the Clerk of the United States Court of Appeals for the 7th Circuit by Federal Express Mail on this 4th day of February, 2013; and that service of this brief was made on the attorney for the Appellee, on this 4th day of February, 2013, by mailing two copies of this brief by First Class mail in an envelope, properly addressed to her with correct postage affixed, as follows:

Teresa T. Milton, Atty.
U.S. DOJ – Tax Div./Appellate Sec.
P. O. Box 502
Washington, D.C.  20044

> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted December 20, 2012[*]
Decided December 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 12-2650

| | |
|---|---|
| GARY D. BOWERS,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
|     *v.* | No. 11-1224 |
| UNITED STATES OF AMERICA,<br>    *Defendant-Appellee.* | James E. Shadid,<br>*Chief Judge.* |

### ORDER

Gary Bowers receives Social Security retirement benefits, but in 2010 the Internal Revenue Service imposed a levy on those benefits to recover some of the $100,000 Bowers

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

owed in unpaid taxes. The IRS began levying almost two-thirds of his monthly benefits. *See* 26 U.S.C. § 6331. (IRS records reveal that Bowers also receives over $40,000 annually from union pension funds.) Bowers believes that the IRS is violating 26 U.S.C. § 6331(h)(1), which prohibits the IRS from imposing a "continuing levy" on more than 15% of certain payments. He sued in federal district court for the return of funds that the IRS has obtained above the 15% cap and to halt further levies. Concluding that the 15% cap did not apply to his benefits, the district court dismissed for failure to state a claim. Because Bowers did not exhaust his administrative remedies and cannot obtain declaratory and injunctive relief, we affirm the judgment.

After the IRS began its levy, Bowers wrote to a local Taxpayer Advocate Service and to the IRS office in Washington, DC. He demanded the return of the portion of the levies above 15% of the payment amounts, with interest, and requested that future levies stay below the 15% threshold. He did not cite any provision of law that required the IRS to abide by a 15% cap.

When he received no response, Bowers turned to district court. He invoked 26 U.S.C. § 7433, which allows a recovery for damages for wrongful tax collection, and alleged that he had exhausted his administrative remedies. He maintained that the IRS intentionally disregarded the 15% cap set by 26 U.S.C. § 6331(h)(1), which Bowers contends applies to his Social Security retirement benefits. He requested the return of the excessive portion of the levies, an injunction of future excessive levies, and a declaratory judgment in his favor.

The IRS moved to dismiss or in the alternative for summary judgment, raising procedural defenses and contesting the applicability of the 15% cap. It supported its motion with tax documents and correspondence that show Bowers's income and tax liability. Because the court relied on those attachments, it should have notified Bowers that it was approaching the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Still, the court's procedural misstep was harmless for three reasons. First, the IRS's hybrid motion provided sufficient notice that summary judgment was in play, and Bowers did not challenge any of the submitted documents or offer, as he could have, any evidence in rebuttal. *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *Miller*, 600 F.3d at 733. Second, the court informed Bowers (as a pro se litigant) that his failure to respond to the motion could result in the disposition of his case—and Bowers did indeed respond. *See Outlaw v. Newkirk*, 259 F.3d 833, 841–42 (7th Cir. 2001); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). Third, the only document outside of the complaint that is relevant to our review is Bowers's letter to the IRS protesting the levy, which he submitted himself. We therefore can review the district court's ruling as a grant of summary judgment, examining it de novo. *Miller*, 600 F.3d at 733; *see also* FED. R. CIV. P. 56(a).

In granting the IRS's motion, the court bypassed the government's procedural defenses and decided the merits. It ruled that the 15% cap § 6331(h) does not apply to "one-time" levies under § 6331(a). It then explained that a levy placed on a stream of Social Security benefit payments is effectively a one-time levy because the beneficiary has a predetermined right to the payments. *See* TREAS. REG. § 301.6331-1(a)(1). Accordingly, the 15% cap did not apply to Bowers's retirement benefits.

On appeal Bowers challenges the district court's conclusion that the 15% levy cap of § 6331(h) does not apply to Social Security benefits. The government offers three responses. First, it contends that the district court lacked jurisdiction under § 7433 because Bowers did not exhaust his administrative remedies, a prerequisite to the government's waiver of sovereign immunity for damages suits. Second, the Anti-Injunction Act, 26 U.S.C. § 7421, and Declaratory Injunction Act, 28 U.S.C. § 2201(a), bar Bowers from enjoining future tax collections or obtaining a declaratory judgment. Finally, on the merits the IRS maintains that the 15% cap does not limit the levy on Bowers's retirement benefits.

Although the IRS characterizes its first argument about sovereign immunity as "jurisdictional," our circuit does not view sovereign immunity that way. Sovereign immunity can be waived; jurisdiction cannot. *Collins v. United States*, 564 F.3d 833, 837–38 (7th Cir. 2009) (collecting cases). Nonetheless, we must evaluate the contention that Bowers did not exhaust his administrative remedies and therefore did not satisfy the requirements for the waiver of sovereign immunity. Waivers of sovereign immunity are narrowly construed because the immunity protects the public fisc. *See West v. Gibson*, 527 U.S. 212, 222 (1999); *Nelson v. Miller*, 570 F.3d 868, 883–84 (7th Cir. 2009). Thus "complete" exhaustion of administrative remedies is a condition of the waiver of sovereign immunity. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The reason for strict enforcement, as the Supreme Court explained in the related context of the Federal Tort Claims Act, is that "[e]very premature filing . . . imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id.* Accordingly, we have rigorously enforced exhaustion requirements that precede damage actions, like Bowers's, against the government. *E.g.*, *Nick's Cigarette City, Inc., v. United States*, 531 F.3d 516, 521 (7th Cir. 2008); *Kikalos v. United States*, 479 F.3d 522, 525–26 (7th Cir. 2007).

Treasury Regulations specify how Bowers must exhaust his administrative remedies. *See* TREAS. REG. § 301.7433-1. A taxpayer action for damages arising from wrongful tax collection "may not be maintained" unless the taxpayer "has filed an administrative claim pursuant to paragraph (e)." *Id.* § 301.7433-1(a). Paragraph (e) requires the taxpayer to send the claim to the local Area Director. *Id.* § 301.7433-1(e). The claim must specify the "grounds, in reasonable detail, for the claim," the dollar amount of the claim, and any damages incurred. *Id.*

Bowers did not comply with these requirements. He alleges in his complaint that he exhausted administrative remedies, but a complaint does not create a factual dispute; the only evidence of exhaustion is the letter he mailed, and that letter was ineffective for two reasons. First, Bowers did not send his letter to the correct IRS office. *See Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (disqualifying § 7433 administrative claim for being sent to incorrect address); *Kuhl v. United States*, 467 F.3d 145, 148 (2d Cir. 2006) (same). He rightly notes the IRS's regulation refers anachronistically to the office of the "Area Director"—an office that no longer exists. Therefore, he explains, he mailed his letter to two IRS-affiliated offices that he thought would suffice. But the IRS has published a notice referring taxpayers to the agency's website, which lists the updated address that taxpayers must use. I.R.S. Notice 2010-53, 2010-31 IRB 182. (Bowers should have mailed his claim to Stop 5012 CHI, 230 S. Dearborn Room 2630, Chicago, IL 60604. *See Where to File Certain Elections, Statements, Returns and Other Documents*, IRS, http://www.irs.gov/uac/Where-to-File-Certain-Elections,-Statements,-Returns-and-Other-Documents (last updated Aug. 3, 2012).) Furthermore, Bowers acknowledges that he received no response to his mailing. But rather than explore whether he contacted the wrong offices, he simply sued.

Even if we overlooked as understandable Bowers's misdirected mailing, his administrative claim could not overcome the bar of sovereign immunity for a second reason: It did not articulate the grounds for his claim "in reasonable detail." TREAS. REG. § 301.7433-1(e)(2)(ii). Although the letter demanded that the IRS levy no more than 15% of his retirement benefits, Bowers did not identify the law that the IRS was allegedly violating, a requirement that we have repeatedly enforced. *E.g.*, *United States v. Oestreich*, 286 F.3d 1026, 1028 (7th Cir. 2002) (ruling insufficient § 7433 administrative claim that did not identify law violated); *see also Nick's*, 531 F.3d at 521 (deeming insufficient taxpayer's refund claim that alleged improper assessment but did not explain which law IRS violated); *Kikalos*, 479 F.3d at 525–26 (concluding administrative claim inadequate when it provided no details about grounds for refund). Without giving the IRS fair notice of the law that it allegedly violated, Bowers did not meet the strict, "complete exhaustion" requirement. Accordingly, his claim for damages cannot overcome the defense of sovereign immunity.

Finally we turn to Bowers's claim for equitable relief. Bowers cannot demonstrate the "certainty of success" that would allow him to elude the Anti-Injunction Act's otherwise categorical bar on suits "for the purpose of restraining the assessment or collection" of taxes. 26 U.S.C. § 7421(a); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 737, 740 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7–8 (1962). Success is not "certain" because at least four federal district courts (beyond the one in this case) have already ruled that the 15% cap of § 6331(h) does not diminish the IRS's power to levy 100% of assets under § 6331(a), which is the provision that the IRS invoked here. *Hines v. United States*, 658 F. Supp. 2d 139, 146–47 (D.D.C. 2009) (applying conclusion to Social Security benefits); *Duran v. IRS*,

No. CV-F-09-345OWW/DLB, 2009 WL 700518, at *4 (E.D. Cal. Mar. 16, 2009); *Beam v. United States*, No. 07-6035-TC, 2007 WL 1674083, at *1 (D. Or. June 6, 2007); *United States v. Marsh*, 89 F. Supp. 1171, 1179 (D. Haw. 2000). Likewise, Bowers cannot escape the Declaratory Judgment Act's absolute bar on declaratory judgments "with respect to Federal taxes." 28 U.S.C. § 2201(a). Thus, Bowers cannot pursue equitable relief from the tax levy.

AFFIRMED.